224 So.2d 296 (1969)
Francis D. BAILEY, Appellant,
v.
The STATE of Florida, Appellee.
No. 38143.
Supreme Court of Florida.
July 2, 1969.
Harry W. Fogle, of Fogle, Wilson & Shingler, St. Petersburg, for appellant.
Earl Faircloth, Atty. Gen., and Horace A. Knowlton, III, Asst. Atty. Gen., for appellee.
ADKINS, Justice.
This is an appeal from the Circuit Court of Pinellas County, having been transferred to this Court from the District Court of Appeal, Second District.
In the early morning hours of August 17, 1967, the defendant entered the home of his estranged wife, finding her in the company of Pinkston. The defendant shot both Pinkston and Mrs. Bailey. Although shot several times in the head and body, Pinkston survived to testify against the defendant. Mrs. Bailey, however, died as a result of the gunshot wounds.
An indictment was returned charging defendant with murder in the first degree and an information was filed charging him with assault with intent to commit murder in the first degree. A plea of not guilty was *297 entered in each case and the two cases were consolidated. The jury found the defendant guilty of murder in the second degree and guilty of assault with intent to commit murder in the second degree. Motions for new trial were denied and defendant appealed to the District Court of Appeal. Upon the State's motion the cause was transferred by the District Court of Appeal to this Court.
In his motions for new trial the defendant contended that the trial court erred in refusing to give instructions on the crime of murder in the third degree and the crime of assault with intent to commit murder in the third degree. The defendant's attorney orally requested the Court to give these charges, but the Court informed him that under the allegations of the charges in the respective cases the defendant could not be found guilty of murder in the third degree or assault with intent to commit murder in the third degree and the Court would not give the requested charge. In view of this announced intention of the Court the defendant's counsel was not required to submit any written request for the charge or to further pursue his oral request for the giving of the charge. The attorney was not required to pursue a completely useless course when the judge had announced in advance that it would be fruitless. Birge v. State, 92 So.2d 819 (Fla. 1957); Brown v. State, 206 So.2d 377 (Fla. 1968).
The trial judge in his order denying the motion for new trial held that Fla. Stat., § 919.14, F.S.A., in requiring instructions on degrees less than the crime charged, would be unconstitutional in permitting an accused to be found guilty of a crime the elements of which were not charged or alleged in the indictment or information under which he went to trial. The Court stated that this violated the constitutional requirement of due process guaranteed by Section 11 of the Bill of Rights, Florida Constitution, F.S.A. and the Sixth Amendment to the U.S. Constitution. The trial judge, therefore, construed controlling provisions of the Florida and Federal Constitutions. We will retain jurisdiction.
The State argues that Fla. Stat., § 919.14, F.S.A., authorizing the jury to find the defendant guilty of the degree charged or of any lesser degree, is not applicable in this case because there was no evidence to sustain a conviction of murder in the third degree. This question was answered in Brown v. State, 206 So.2d 377 (Fla. 1968) when the Court said:
"Here is a difference between § 919.16,  the necessarily included offense statute  and § 919.14  the divisibility into degrees statute. Under the former the lesser offense must necessarily be included in the offense charged. Hence, it is necessary to prove the lesser in order to prove the greater. Under § 919.14, the lesser degrees of the major crime are not necessarily included in it, and, therefore, are not essential elements of proof in establishing it. Nevertheless, the statute, § 919.14, permits a jury to convict of the lesser degree regardless of the accusation and proofs." (Emphasis supplied.)
Under our system of jurisprudence, the jury had the right to convict defendant of any lesser degree of the crime charged, and it made no difference whether the elements of this degree of the crime were included in the specific allegations of the indictment or information. Such a verdict convicting a defendant of a lesser degree even in the absence of proof is sometimes referred to as a "jury pardon" of the higher degree of crime. The effect of the refusal of the trial judge to give any instruction on third degree murder or assault with intent to commit third degree murder deprived defendant of the statutory right to have the jury consider such lesser degree.
In Brown v. State, supra, we specifically held as follows:
"When a crime is divisible into degrees, the trial judge, under § 919.14, should instruct on all degrees including *298 the crime charged and all degrees less than the crime charged."
The lower court committed error when it refused the request of the defendant for an instruction on murder in the third degree.
Even though this may be error, the State contends that the conviction of assault with intent to commit murder in the second degree should stand because an instruction on assault with intent to commit murder in the third degree could not be given by the trial court as there is no such crime recognized by our Court.
Fla. Stat., § 784.06 (F.S.A.), punishes "an assault with intent to commit" a felony. Murder in the third degree is a felony.
Fla. Stat., § 782.04 (F.S.A.), provides:
"The unlawful killing of a human being, when perpetrated from a premeditated design to effect the death of the person killed or any human being, or when committed in the perpetration of or in the attempt to perpetrate any arson, rape, robbery, burglary, abominable and detestable crime against nature or kidnapping, shall be murder in the first degree, and shall be punishable by death.
"When perpetrated by any act imminently dangerous to another, and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual, it shall be murder in the second degree, and shall be punished by imprisonment in the state prison for life, or for any number of years not less than twenty years.
"When perpetrated without any design to effect death, by a person engaged in the commission of any felony, other than arson, rape, robbery, burglary, the abominable and detestable crime against nature, or kidnaping, it shall be murder in the third degree, and shall be punished by imprisonment in the state prison not exceeding twenty years."
The State relies upon Tillman v. State, 81 Fla. 558, 88 So. 377, where the defendant was convicted of assault with intent to commit murder in the third degree. The Court in its opinion, stated that there could be no such offense as an assault with intent to commit murder in the third degree, "because the presence of an intent precludes the commission of that particular offense." However, the Court recognized the decision in Grace v. State, 78 Fla. 486, 83 So. 271 (1919), holding that a conviction of assault with intent to commit murder in the third degree would be upheld if the evidence afforded a legal basis for finding the defendant guilty of assault with intent to commit murder in the first or second degree. The evidence in the Tillman case could not sustain a conviction of assault with intent to commit murder in the first or second degree. Therefore, the conviction of assault with intent to commit murder in the third degree was reversed.
In Hancock v. State, 90 Fla. 178, 105 So. 401 (1925), also relied upon by the State, Hancock was convicted of the offense of assault with intent to commit manslaughter. It was held that the failure of the Court to charge the jury upon the elements constituting murder in the third degree was not error because the record was totally lacking in evidence that if the assault with which the defendant was charged had resulted in the death of the victim the offense would have been murder in the third degree. The Court also said:
"Furthermore, defendant was convicted of a lower degree of crime, to wit, assault with intent to commit manslaughter."
Lassiter v. State, 98 Fla. 370, 123 So. 735 (1929), involved a conviction of the crime of assault with intent to commit manslaughter. The Court defined this crime as follows:
"An `assault with intent to commit manslaughter' is an unlawful assault committed in such manner and with means as would have resulted in the commission of the crime of manslaughter if the person assaulted had then and there died from the effects of the assault."
*299 This is the proper definition of "assault with intent to commit manslaughter" and it does not include the element of intent to kill.
The crime of assault with intent to commit murder in the third degree is a statutory offense. This crime is accomplished when an unlawful assault is committed in such manner and with means as would have resulted in the commission of the crime of murder in the third degree if the injured person had died from the effects of the assault.
This Court in Phillips v. State, 120 Fla. 134, 162 So. 346 (1935) held:
"`Intent to kill' in making of an assault does not necessarily mean that defendant had a premeditated design and fixed purpose to effect death, even for a short time before making the assault, but means that he willfully and unlawfully makes an assault with a deadly weapon which he knows, or should know, may reasonably be expected to result in death of person assaulted.
"Where, if assaulted person had died of wounds inflicted, defendant could be held to have committed murder in the second degree, he may properly be convicted of assault with intent to commit murder in the second degree if assaulted person does not die of wound so inflicted." See also Harvell v. State, 155 Fla. 556, 20 So.2d 801 (1945).
The crime of murder in the first degree and the crime of assault with intent to commit murder in the first degree are each divisible into degrees, and the trial judge was under a duty to instruct on all degrees, including the crime charged, and all degrees less than the crime charged.
For the reasons stated the judgments must be reversed and the defendant is awarded a new trial.
ERVIN, C.J., and ROBERTS, DREW and BOYD, JJ., concur.