330 So.2d 148 (1976)
Webb PARKER, Appellant,
v.
STATE of Florida, Appellee.
No. 74-1294.
District Court of Appeal of Florida, Second District.
February 20, 1976.
James A. Gardner, Public Defender, and Harold H. Moore, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Acting Chief Judge.
Parker was charged with assault with intent to commit first degree murder; he was convicted of that crime after a jury trial and sentenced to 15 years imprisonment. He argues on appeal that the evidence of assault was legally insufficient and that the trial court erred in refusing to instruct on assault with intent to commit murder in the second degree.
At Parker's trial, Jessie Robinson testified that on the night of December 29, his wife got into a fight with appellant's girlfriend, Hattie Ruth Johnson, in a St. Petersburg bar. Robinson denied appellant's accusations, made the next morning, that he and his wife had ganged up on Miss Johnson. On the night of the 31st, appellant approached Robinson as he was playing cards in the same bar and stated, "I still hear that both of you jumped my girlfriend." When Robinson again indicated that only the two women had been involved, Parker backed up several paces, pulled out a .38 caliber hand gun and fired *149 three times at Robinson, hitting him once in the back and twice in the leg. As Robinson lay on the floor, Parker walked up, pointed the gun at Robinson's face, and pulled the trigger three more times, but the gun did not fire. According to Mrs. Robinson's testimony appellant went out to "reload" and the police were called.
The victim's version of the crime was corroborated by his wife and by James Spradley, who positively identified Parker as the assailant. Since Spradley left immediately when the shooting started, however, he did not see Parker point the gun in Robinson's face.
Parker testified that he had been out of town visiting his godmother at the time the shooting occurred. Hattie Ruth Johnson testified that Parker was not her boyfriend and that although she knew him, she had neither seen nor talked to him during the week-end of the incident.
At the charge conference the trial court indicated that it would charge on assault with intent to commit second degree murder but subsequently failed to do so, explaining to the defense counsel that there was no such crime.
We reject appellant's argument that the evidence failed to show that the victim had been placed in fear. Although the victim did not specifically testify as to his apprehensions during the incident, we think this record adequately establishes the element of fear as required by State v. White, Fla. 1975, 324 So.2d 630, Opinion filed September 10, 1975.
The judge's failure to instruct on assault with intent to commit second degree murder presents a more difficult question. RCrP 3.490, which was copied verbatim from repealed Florida Statute § 919.14 provides:
Determination of Degree of Offense
If the indictment or information charges an offense which is divided into degrees, without specifying the degree, the jurors may find the defendant guilty of any degree of the offense charged; if the indictment or information charges a particular degree the jurors may find the defendant guilty of the degree charged or of any lesser degree. The court shall in all such cases charge the jury as to the degrees of the offense.
The language of this rule has been construed to require the trial judge to instruct on all lesser degrees of the crime charged, regardless of whether they are sufficiently charged by the information or supported by the proof at trial. Killen v. State, Fla. 1957, 92 So.2d 825; Brown v. State, Fla. 1968, 206 So.2d 377. Under this rule, the responsibility of determining the degree of guilt "rests peculiarly within the bosom of the trial jury." Brown v. State, Fla. 1960, 124 So.2d 481. Instructions are mandated on all degrees simply because the rule "clearly requires it,"[1] and authorizes "jury pardons" of the higher degree. Bailey v. State, Fla. 1969, 224 So.2d 296. Thus, since assault with intent to commit second degree murder is a lesser degree of the crime charged, it was error, after a proper request, to refuse to instruct upon it. Bailey v. State, supra.
Because Bailey, supra, emphasizes the jury's power to disregard the evidence and "pardon" the defendant of the higher degree, we doubt that the strong evidence of Parker's premeditated intent to kill would be sufficient in itself to render the error harmless.[2] But in light of this *150 strong evidence and the fact that the crimes are of equal magnitude and carry the same maximum punishment,[3] there is no reasonable possibility that the jury would have "pardoned" Parker by convicting him of the lesser degree. The difference between the crimes is so insubstantial that even if they had, he would have been in no better position. Cf., Yarborough v. State, 1927, 94 Fla. 143, 114 So. 237; Davis v. State, 1895, 35 Fla. 614, 17 So. 565.
We conclude, therefore, that under the facts of this case, the appellant has not been prejudiced by the trial court's failure to instruct on assault with intent to commit second degree murder.
Affirmed.
BOARDMAN and SCHEB, JJ., concur.
NOTES
[1] Brown v. State, Fla. 1967, 206 So.2d 377.
[2] In State v. Wilson, Fla. 1973, 276 So.2d 45, the Supreme Court held that the refusal to instruct on a lesser included offense was harmless in view of the substantial evidence in support of the jury's verdict. See Lomax v. State, Fla.App.2d 1975, 322 So.2d 650. Our research has indicated no cases which have applied this rule of harmless error to crimes divided into degrees.
[3] Since the only arguable objection to the instructions related to assault with intent to commit second degree murder, we need not consider the possibility that the jury might have found defendant guilty of some other lesser crime. Moreover, Bailey v. State, Fla. 1969, 224 So.2d 296, is distinguishable from the instant case since it involved a refusal to instruct on assault with intent to commit third degree murder; that crime was a lesser degree of felony and carried a lesser penalty than the crime of which Bailey was convicted.