WALDEN, Chief Judge.
We reverse and remand for a new trial on the basis of this appellate point:
Whether the trial court’s instruction on second degree murder, which omitted any reference to killing when committed in the perpetration of, or in the attempt to perpetrate, certain felonies, constitutes fundamental error?
Defendant was convicted of first degree murder and sentenced to life imprisonment. He appeals. This was a typical felony murder. Three people, including defendant, attempted to rob a business. During the course of events one of the business employees with the cash receipts was shot and killed. There was some evidence that defendant was the robber who actually fired the fatal shot. It is correct to say that the State’s case was bottomed on the felony murder concept.
The trial court properly instructed the jury as to first degree murder, third degree murder and manslaughter. The jury was erroneously charged as to second degree murder for that the charge was incomplete.
The Court charged on second degree murder:
“Murder in the second degree is the killing of a human being by the perpetration of an act imminently dangerous to another, and evincing a depraved mind regardless of human life, although without a premeditated design to effect the death of any particular individual. An act is one imminently dangerous to another, and evincing a depraved mind regardless of human life, if it is an act which one, a person of ordinary judgment would know is reasonably certain to kill or to do serious bodily injury to another.
*179 “Two, is done from willful hatred, spite or an evil intent. And third, is of such a nature, the act itself, indicates an indifference to human life.”
The Court did not charge the jury on the second degree felony murder rule, which is:
“. . . when committed in the perpetration of, or in the attempt to perpetrate, any arson, rape, robbery, burglary, kidnapping, aircraft piracy, or the unlawful throwing, placing, or discharging of a destructive device or bomb, except as provided in subsection (1), it shall be murder in the second degree and shall constitute a felony of the first degree, "[1]
Although there was adequate proof of defendant’s participation in the crime and although defendant’s counsel failed to object in the trial court to the omission (he did raise it in his motion for a new trial), we are of the opinion that the failure to fully and correctly charge the jury as to the several degrees of the offense charged constituted fundamental error necessitating a new trial. We cannot say from the record that the jury would not have found defendant guilty of second degree murder where a lesser penalty is mandated, had it been afforded an opportunity via a charge on the second degree felony murder thesis.
We reverse because of the failure of the trial court to instruct upon the degrees of the offense, F.R.Cr.P. 3.490; Parker v. State, 330 So.2d 148 (2nd DCA Fla. 1976); Herman v. State, 275 So.2d 264 (4th DCA Fla.1973); Wilson v. State, 171 So.2d 903 (2nd DCA Fla.1965). This is to be distin *180 guished from the instance where the trial court fails to instruct upon lesser included offenses. Gilford v. State, 313 So.2d 729 (Fla.1975).
REVERSED AND REMANDED FOR A NEW TRIAL.
DOWNEY, J., and ANDREWS, JOHN, Associate Judge, concur.

. Originally second degree murder was defined :
“782.04 Murder —
* * * * SÍ!
“(2) When perpetrated by any act imminently dangerous to another, and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual, it shall be murder in the second degree, and shall constitute a felony of the first degree, punishable as provided in § 775.0S2, § 775.083, or § 775.084.”
The statute was then amended, effective December 8, 1972:
(This is the statute applicable to defendant’s conviction.)
“782.04 Murder.—
•fc V -i*
“(2) When perpetrated by any act imminently dangerous to another, and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual or when committed in the perpetration of or in the attempt to perpetrate any arson, rape, robbery, burglary, kidnapping, aircraft piracy, or unlawful throwing, placing or discharging of a destructive device or bomb, except as provided in subsection (1), it shall be murder in the second degree and shall constitute a felony of the first degree, punishable by imprisonment in the state prison for life or for such term of years as may be determined by the court.”
Tlie statute was again amended, effective October 1, 1975:
“782.04 Murder.—
t[: * * * *
“(2) The unlawful killing of a human being, when perpetrated by any act imminently dangerous to another and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual, shall be murder in the second degree and shall constitute a felony of the first degree, punishable by imprisonment for a term of years not exceeding life or as provided in s. 775.082, s. 775.083, or s. 775.084.
“(3) When a person is killed in the perpetration of, or in the attempt to perpetrate, any arson, involuntary sexual battery, robbery, burglary, kidnapping, aircraft piracy, or unlawful throwing, placing, or discharging of a destructive device or bomb by a person other than the person engaged in the perpetration of or in the attempt to perpetrate such felony, the person perpetrating or attemping to perpe--trate such felony shall be guilty of murder in the second degree, which constitutes a felony of the first degree, punishable by imprisonment for a term of years not exceeding life or as provided in s. 775.082, s. 775.083, or s. 775.084.”
The final amendment covers situations in which a policeman, for example, kills a person in an attempt to prevent a robbery. The robber could be charged with felony-murder under the amended statute.