338 So.2d 1328 (1976)
Arnold BELL and Robert Smith, Appellants,
v.
STATE of Florida, Appellee.
Nos. 75-1577, 75-1578.
District Court of Appeal of Florida, Second District.
November 12, 1976.
Rehearing Denied December 7, 1976.
Jack O. Johnson, Public Defender, Bartow, and Douglas A. Wallace, Asst. Public Defender, Bradenton, for appellants.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
Appellants were convicted of robbery and sentenced to life imprisonment. Their only points on appeal worthy of consideration relate to whether they were improperly limited in their exercise of peremptory challenges to the jury.
The appellants were tried together. Prior to trial the court ruled that they were each entitled to only six peremptory challenges rather than the ten peremptory challenges which they had requested. An assertion of the right to ten peremptory challenges was reiterated during voir dire. Each appellant exercised six peremptory challenges, but neither of them sought to exercise a seventh peremptory challenge against any particular juror. The panel was then accepted by appellants' counsel without further objection.
Fla.R.Crim.P. 3.350 clearly provides that each party shall be allowed ten peremptory challenges if the offense charged is punishable by death or imprisonment for life. If the offense charged is a felony not punishable by death or imprisonment for life, each party is entitled to six peremptory challenges. The statute under which the appellants were charged prescribed that robbery was a felony of the first degree *1329 punishable by imprisonment for life or for any lesser term of years.[1] Therefore, the appellants were each entitled to ten peremptory challenges.
Where the court incorrectly limits the number of peremptory challenges and the defendant timely attempts to challenge a juror beyond the limits set by the court, the refusal to allow the challenge is reversible error. Meade v. State, 85 So.2d 613 (Fla. 1956). On the other hand, where a defendant has not even sought to exercise peremptory challenges up to the limit allowed by the court, he can hardly be heard to complain that he was legally entitled to additional peremptory challenges. Cf. Wilson v. State, 304 So.2d 119 (Fla. 1974). The question here is whether it was necessary for each of the appellants to seek to exercise a seventh peremptory challenge in the face of the court's prior ruling that each of them was entitled only to six. We think not. In the words of our Supreme Court, the appellants' attorneys were "not required to pursue a completely useless course when the judge had announced in advance that it would be fruitless." Bailey v. State, 224 So.2d 296 (Fla. 1969); accord, Birge v. State, 92 So.2d 819 (Fla. 1957).
To argue that the appellants have failed to demonstrate prejudice because there was no showing that any juror selected to hear the case was biased or unfair is beside the point.[2] Each appellant was permitted to challenge a prescribed number of jurors for any reason, or for that matter, for no reason. The right to use a peremptory challenge has long been regarded as a cherished tool in the selection of an impartial jury. An improper limitation of that right necessarily inheres in the jury verdict.
The judgments are reversed, and the cases are remanded for a new trial.
McNULTY, C.J., and BOARDMAN, J., concur.
NOTES
[1] § 813.011, Fla. Stat. (1973).
[2] Young v. State, 234 So.2d 341 (Fla. 1970), is inapplicable because the defendant's belated request to exercise a peremptory challenge which he had failed to try to use because of mistaken reliance upon the clerk did not come until after the jury had been sworn. At that point, Fla.R.Crim.P. 3.310 required a showing of good cause to permit the additional challenge.