BOYD, Justice,
dissenting.
Petitioner requests certiorari review of the District Court of Appeal, Fourth District, affirmance of his conviction for assault with intent to commit third degree murder, reported at 325 So.2d 102.
In Tillman v. State, 81 Fla. 558, 88 So. 377 (Fla.1921), murder in the third degree was defined as the unlawful killing of a human being when perpetrated without design to effect death by a person engaged in the perpetration or attempt to perpetrate certain felonies, substantially the same definition of third degree murder now in our statutes, Section 782.04(4), Florida Statutes. The Tillman Court held there can be no such offense as “assault with intent to commit murder in the third degree” because the presence of an intent precludes the commission of third degree murder. The instant case conflicts with Tillman.
Apparently, the majority feels the conflict has been resolved by the Court’s decision in Bailey v. State, 224 So.2d 296 (Fla. 1969), where it was held that juries must be instructed on assault with intent to commit third degree murder when the defendant is charged with assault with intent to commit first degree murder. The Court considered Tillman, but stated that the Tillman Court recognized Grace v. State, 78 Fla. 486, 83 So. 271 (1919), in which it was held that *774 convictions of assault with intent to commit third degree murder may be upheld if the evidence affords a legal basis for finding the defendant guilty of assault with intent to commit murder in the first or second degree. Bailey viewed the holding of Grace as consistent with the concept of “jury pardons,” condoned by this Court in Brown v. State, 206 So.2d 377 (Fla.1968), which requires that jury instructions on crimes divisible into degree include instructions on the lesser degrees regardless of whether the accusations and proof will support the existence of the lesser degree crimes.
Third degree murder is defined as follows under Section 782.04(4), Florida Statutes:
“The unlawful killing of a human being, when perpetrated without any design to effect death, by a person engaged in the perpetration of, or in the attempt to perpetrate, any felony other than any arson, involuntary sexual battery, robbery, burglary, kidnapping, aircraft piracy, or unlawful throwing, placing, or discharging of a destructive device or bomb, shall be murder in the third degree and shall constitute a felony of the second degree, punishable as provided in § 775.-082, § 775.083, or § 775.084.”
The absence of intent to commit murder is a necessary element in the crime of third degree murder. It is therefore illogical to conclude that anyone could be guilty of an assault with intent to commit third degree murder, since the absence of intent is a necessary ingredient of the major crime.
I think Tillman was correct in deciding that assault with intent to commit third degree murder is not a crime under Florida law. We should recede from the Bailey decision. Under the Constitutions of the United States and this State, no Florida court has the power to adjudicate anyone guilty of a crime which does not exist. Courts do not possess the power to create a crime regardless of benevolent intent, as expressed, for example, by the Bailey Court in its “jury pardon” rationale.
I must dissent from discharging the writ and would quash the decision of the District Court of Appeal, Fourth District, and require petitioner’s conviction to be vacated.