347 So.2d 427 (1977)
STATE of Florida, Petitioner,
v.
Arthur Fillmore JEFFERSON, Jr., Respondent.
No. 50021.
Supreme Court of Florida.
June 9, 1977.
*428 Robert L. Shevin, Atty. Gen. and Anthony C. Musto, Asst. Atty. Gen., for petitioner.
Richard L. Jorandby, Public Defender and Craig S. Barnard, Asst. Public Defender, for respondent.
KARL, Justice.
This cause is before us on petition for writ of certiorari granted to review the decision of the District Court of Appeal, Fourth District, in Jefferson v. State, reported at 334 So.2d 178 (Fla. 4th DCA, 1976), which conflicts with Adams v. State, 341 So.2d 765 (Fla. 1976), thereby vesting jurisdiction in this Court pursuant to Article V, Section 3(b)(3), Florida Constitution.
Arthur Jefferson, his brother and another person attempted to rob Carl Dykes of $9,000 in receipts from the Western Sizzlin Steak House in Titusville after Dykes had closed the business for the evening and had exited through the rear door of the restaurant. During the course of events, Dykes was shot several times and subsequently died as a result of these wounds.
Appellee was indicted for murder in the first degree in that he did unlawfully kill Carl Edwin Dykes with a firearm and said killing was perpetrated from a premeditated design to effect the death of Dykes or was committed in the perpetration of, or in the attempt to perpetrate, robbery in violation of Section 782.04(1)(a), Florida Statutes (1973). He was tried, found guilty, convicted and sentenced to life imprisonment.
In his instructions to the jury, the judge instructed as to first, second and third degree murder, first degree felony murder, manslaughter, justifiable and excusable homicide, aggravated assault, assault and battery, and assault. However, no instruction was given, nor was one requested, on second degree felony murder. As to second degree murder, the trial judge instructed:
"Murder in the second degree is the killing of a human being by the perpetration of an act imminently dangerous to another, and evincing a depraved mind regardless of human life, although without a premeditated design to effect the death of any particular individual. An act is one imminently dangerous to another, and evincing a depraved mind regardless of human life, if it is an act which one, a person of ordinary judgment would know is reasonably certain to kill or to do serious bodily injury to another.
"Two, is done from willful hatred, spite or an evil intent. And third, is of such a nature, the act itself, indicates an indifference to human life."
The court did not give the following instruction as to second degree felony murder:
"... when committed in the perpetration of, or in the attempt to perpetrate, any arson, rape, robbery, burglary, kidnapping, aircraft piracy, or the unlawful throwing, placing, or discharging of a destructive device or bomb, except as provided in subsection (1), it shall be murder in the second degree and shall constitute a felony of the first degree, ... ."
The Fourth District Court of Appeal reversed the conviction and remanded for new trial on the basis that the trial court's failure to instruct on second degree felony murder constituted fundamental error.
We do not agree with the District Court, under the evidence presented, that the trial judge committed reversible error in not instructing on second degree felony murder. This Court's recent decision in Adams v. State, supra, which construes the same statute in force sub judice, is controlling here.
In Adams, supra, we recognized the distinction between first degree and second *429 degree felony murder as articulated in State v. Dixon, 283 So.2d 1 (Fla. 1973). We held that one who personally kills another during the perpetration of one of the enumerated felonies is guilty of first degree murder and that liability for first degree murder extends to all co-felons who are personally present. The statutory scheme does not allow for the conviction of second degree felony murder of either the one who kills or his co-felons who are present. Only an accessory before the fact who was not personally present during the commission of the underlying felony can be found guilty of second degree felony murder under the applicable statute.
Second degree felony murder is not a lesser included offense of first degree felony murder under the applicable statute. It is a separately defined offense and one that could not apply to the appellee under the facts presented.
The District Court, having evaluated the entire record of evidence, determined that there was adequate proof of defendant's participation in the crime. Our review of the record confirms the District Court's finding and convinces us that the evidence excludes any possibility that appellee Jefferson's participation was limited to that of an accessory before the fact. There was no basis for a jury instruction as to a crime that was not involved.
For the foregoing reasons, we hold that the trial court did not commit reversible error in failing to instruct the jury on second degree felony murder.
Accordingly, the decision of the District Court of Appeal, Fourth District, is quashed, and the cause is remanded with directions to reinstate the judgment and sentence of the trial court.
It is so ordered.
OVERTON, C.J., and ADKINS, ENGLAND and SUNDBERG, JJ., concur.
BOYD, J., dissents with an opinion.
HATCHETT, J., dissents.
BOYD, Justice, dissenting.
I dissent. I feel it was reversible error for the court not to charge the jury in this case that it could find the petitioner guilty of murder in the second degree. See Adams v. State, 341 So.2d 765 (Fla. 1976), Boyd, J., dissenting.