349 So.2d 854 (1977)
James C. HARRIS, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 76-720.
District Court of Appeal of Florida, Second District.
September 21, 1977.
*855 Jack O. Johnson, Public Defender, and W.C. McLain, Asst. Public Defender, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Chief Judge.
Appellant/defendant, James C. Harris, Jr., was charged by information with robbery with a weapon. Section 812.13, Florida Statutes. After a jury trial he was found guilty of third-degree robbery (without the use of a weapon). Section 812.13(2)(c), Florida Statutes. The trial judge sentenced appellant to a term of 15 years imprisonment to include a "minimum time of imprisonment provided in FSA 775.087, subsection 2."[1]
Appellant has raised two meritorious points on this appeal. The first is whether it was error to limit appellant to six peremptory challenges during the jury selection for trial on a first-degree robbery charge which is punishable by life in prison. The second is whether the court erred by sentencing him to a mandatory three years.
Since appellant was charged with and tried for robbery with a weapon which is a felony punishable by life imprisonment he was entitled to ten peremptory challenges. *856 Bell v. State, 338 So.2d 1328 (Fla. 2d DCA 1976); Section 812.13, Florida Statutes; Fla.R.Crim.P. 3.350. However, appellant has not alleged or shown, either at trial or on appeal, that there was a particular juror whom he would have removed by exercise of a seventh peremptory challenge. See, e.g., Young v. State, 234 So.2d 341 (Fla. 1970). Although it was error to limit appellant to six challenges, since no prejudice resulted it was harmless error. Additionally, he was found guilty of a lesser offense, and if he had been initially charged with it he would have been entitled only to six challenges. We see no reason why he ought to be in any better position now that he has been convicted of that lesser offense than he would have been had such lesser offense been the original charge.
There is no case law precedent which supports or statute which authorizes imposition of a mandatory minimum sentence for conviction of robbery without a weapon. The sentence is reversed, and the cause remanded for correction of the sentence.
The remaining point raised by appellant is without merit, and we affirm the ruling of the trial court denying the motion to suppress.
AFFIRMED in part; REVERSED in part; REMANDED for proceedings consistent with this opinion.
McNULTY, J., concurs.
GRIMES, J., concurs in part, dissents in part.
GRIMES, Judge, dissenting in part.
In Bell v. State, 338 So.2d 1328 (Fla. 2d DCA 1976), where the defendant had used all of the peremptory challenges which the court said he could have, we held that it was not necessary for him to seek to exercise an additional challenge in order to preserve the question of whether he should have been permitted a greater number of challenges. In Bell, as here, the defendant was entitled to ten rather than six peremptory challenges because he was charged with an offense for which he could receive a life sentence. Therefore, the sole difference between the cases is that Bell was convicted as charged, whereas the appellant was convicted only of a crime for which he could be sentenced to a maximum of fifteen years.
Since appellant was charged with a crime for which he could be imprisoned for life, he was entitled to use up to ten peremptory challenges in the course of selecting the jury which would try him. I cannot subscribe to the after-the-fact reasoning that the error was harmless because appellant was ultimately convicted of an offense which would have entitled him to only six challenges if he had been charged with it in the first place.
I respectfully dissent from that portion of the majority opinion which holds that limiting appellant to six peremptory challenges was harmless error. I concur with the balance of the opinion.
NOTES
[1] The trial judge stated in the judgment that there was sufficient evidence to find that appellant committed the robbery with a weapon.