355 So.2d 483 (1978)
Gregory Lee NEWSOME, Appellant,
v.
STATE of Florida, Appellee.
No. 76-1960.
District Court of Appeal of Florida, Second District.
February 24, 1978.
*484 Jack O. Johnson, Public Defender, Paul C. Helm, Asst. Public Defender, and Charles M. Johnston, Research Asst., Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
OTT, Judge.
Appellant Newsome was convicted of burglary of a dwelling with assault upon a person therein and aggravated assault. He complains that the trial court improperly restricted him to six peremptory challenges and refused to give a requested jury instruction on circumstantial evidence. We hold these actions constituted error and reverse. He also complains concerning the admission of certain Williams rules testimony of a previous crime. We find no merit to this contention but believe it helpful to treat it in view of our reversal on the other two grounds.
Burglary is defined as entering a structure with the intent to commit an offense therein. Section 810.02, Florida Statutes (1975). The intended offense with which appellant was charged was sexual battery.
Aggravated assault is alternatively defined as an assault (a) with a deadly weapon or (b) with an intent to commit a felony. Section 784.021(1), Florida Statutes (1975). Appellant was charged under the latter alternative, and the intended felony charged was sexual battery.
His intent to commit sexual battery was thus an essential element of both offenses with which he was charged.
The state's evidence showed that appellant broke a window and entered Jean Lang's bedroom at about midnight on August 21, 1976. Hearing the sound of glass *485 shattering, Ms. Lang entered the bedroom to investigate. When she saw appellant, she turned to flee, but appellant caught her. Holding her arms behind her, he forced her to the living room couch and sat down beside her. When she told him her son would be back shortly, he said "Get up and get out" several times and forced her to accompany him outside. Once outside, however, appellant tripped and fell and Ms. Lang was able to break free. She ran to a neighbor's house and banged on the door, but before the neighbor could let her in, appellant caught her and grabbed her again. The police arrived shortly thereafter, having seen the struggle between the appellant and Ms. Lang while on routine patrol.
Appellant neither made any sexual attack on Ms. Lang nor said anything to her other than "Get up and get out." The state introduced evidence that appellant had broken into Ms. Lang's bedroom on February 17, 1975 and raped her at gunpoint. This evidence was properly admitted, since it was relevant to appellant's intent. Williams v. State, 110 So.2d 654 (Fla. 1959), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959); Whiteman v. State, 343 So.2d 1340 (Fla. 2d DCA 1977). The trial judge did, however, endeavor to curtail this testimony lest it become a feature of the trial, which is impermissible. Williams v. State, 117 So.2d 473 (Fla. 1960); Green v. State, 228 So.2d 397 (Fla. 2d DCA 1969). We think he succeeded in this endeavor. Appellant's complaint in this regard is not well taken.
We nevertheless find a new trial necessary in this case. When appellant's counsel attempted to exercise a seventh peremptory challenge, the trial court ruled that he was entitled to only six peremptory challenges and refused to excuse the challenged juror. Fla.R.Crim.P. 3.350 provides that each party shall be allowed ten peremptory challenges if the offense charged is punishable by death or imprisonment for life. One of the crimes with which appellant was charged, a burglary in the course of which the offender commits an assault upon any person, is punishable by imprisonment for a term of years not exceeding life imprisonment. Section 810.02(2), Florida Statutes (1975). In Bell v. State, 338 So.2d 1328 (Fla. 2d DCA 1976), we held that the defendants, who were charged with robbery, a felony punishable by imprisonment for life or any lesser term of years, were entitled to ten peremptory challenges. We further held that restricting them to six constituted reversible error.
We think Bell is controlling here and mandates reversal.[1] The state contends that the reasoning of Harris v. State, 349 So.2d 854 (Fla. 2d DCA 1977), applies, rendering the error in the instant case harmless. We find Harris inapplicable. The holding in that case turned on the fact that Harris was convicted of only a lesser-included offense which, had he been initially charged with it, would have entitled him to only six peremptory challenges. Appellant here was convicted as charged on the burglary count.
The trial court also erred in refusing to give the standard jury instruction on circumstantial evidence as requested by appellant. The state relied substantially upon circumstantial evidence to prove that appellant's entry into Ms. Lang's house and his assault upon her were done with the fully-formed conscious intent to commit sexual battery. The requisite intent to commit a felony in connection with a burglary or an aggravated assault may be proved by circumstantial evidence. See Griffin v. State, 276 So.2d 842 (Fla. 4th DCA 1973); Whitehead v. State, 273 So.2d 146 (Fla. 2d DCA 1973). However, where, as here, the prosecution relies solely or substantially upon circumstantial evidence to prove an element of the offense charged, a proper charge on circumstantial evidence should be given by the trial court. Leavine v. State, 109 Fla. 447, 147 So. 897 (1933); *486 Jackson v. State, 107 So.2d 247 (Fla. 2d DCA 1958). A refusal to do so upon request constitutes reversible error. McCall v. State, 116 Fla. 179, 156 So. 325 (1934).
We find it unnecessary to deal with the other points raised by appellant.
Appellant's judgments and sentences are hereby vacated, and the cause is remanded for a new trial.
GRIMES, Acting C.J., and SCHEB, J., concur.
NOTES
[1] In fairness to the trial judge, it should be pointed out that the decision in Bell was not available to him at the time of appellant's trial.