DANIEL S. PEARSON, Judge.
Verreautt was charged with and convicted of an offense punishable by imprisonment for life, robbery while carrying a firearm. § 812.13(2)(a), Fla.Stat. (1979). He correctly claims that by virtue of the charge, he was entitled to ten peremptory challenges during the selection of the jury. Fla.R.Crim.P. 3.350(a). But while the trial court mistakenly limited Verreautt to six peremptory challenges, Verreautt made no assertion that he was entitled to more until well after the verdict was returned and judgment pronounced.[1] Compare Newsome v. State, 355 So.2d 483 (Fla. 2d DCA 1978); Bell v. State, 338 So.2d 1328 (Fla. 2d DCA 1976). The error was such that had it been timely called to the attention of the trial court, it could have been immediately cor- *235 reeted. Verreautt’s failure to timely object to the limitation imposed precludes him from relief on appeal.[2] Pinder v. State, 396 So.2d 272 (Fla. 3d DCA 1981). The other grounds for reversal raised by Verreautt are totally without merit.
Affirmed.

. Verreautt’s earlier assertion that he was entitled to an additional peremptory challenge arose from his counsel’s belief that he had exercised five peremptories although entitled to six, while the clerk’s records showed he had exercised six. There is no indication that the clerk was wrong and, moreover, no showing that the defendant wanted to excuse a particular juror. See Young v. State, 234 So.2d 341 (Fla.1970).

. Since Verreautt accepted the limitation without complaint, we do not reach the issue whether he was prejudiced by the ruling where he exercised the six peremptories given. Compare Meade v. State, 85 So.2d 613 (Fla.1956); Newsome v. State, supra; and Bell v. State, supra, with Harris v. State, 349 So.2d 854 (Fla. 2d DCA 1977).