ON REHEARING
HERSEY, Judge.
Our original consideration of this appeal resulted in an affirmance without opinion. We are asked to grant a rehearing.
Appellants were charged with grand theft of $20,000.00 or more. The Information specifically alleged violations of Section 812.014(2)(a) and Section 812.014(2Xb), Florida Statutes (1979). The evidence showed that an amount in excess of $20,-000.00 was involved. There was no evidence as to any amount less than $20,000.00.
The charge to the jury included instructions on grand theft of an amount of $20,-000.00 or more and instructions on grand theft of a lesser amount. The jury convicted appellants of grand theft of an amount less than $20,000.00.
In their initial briefs and in the petition for rehearing appellants strenuously urge that the giving of an instruction on a lesser included offense not supported by any evidence is reversible error. They rely on Brown v. State, 206 So.2d 377 (Fla.1968), State v. Anderson, 270 So.2d 353 (Fla.1972) and particularly, State v. Paffy, 369 So.2d 340 (Fla.1979) in support of this proposition. We agree.
Grand theft of property valued at more than $100.00 but less than $20,000.00 is not, however, a lesser included offense. It is grand theft of the second degree, as defined in Section 812.014(2)(b), Florida Statutes (1979).
*29 At the time of trial, Rule 3.490, Florida Rules of Criminal Procedure, provided:
If the indictment or information charges an offense which is divided into degrees, without specifying the degree, the jurors may find the defendant guilty of any degree of the offense charged; if the indictment or information charges a particular degree the jurors may find the defendant guilty of the degree charged or of any lesser degree. The court shall in all such cases charge the jury as to the degrees of the offense.
For that reason the instruction, rather than being erroneous, was mandatory. The rule has subsequently been changed (but that has no effect on this appeal) to read:
If the indictment or information charges an offense divided into degrees, the jury may find the defendant guilty of the offense charged or any lesser degree supported by the evidence. The judge shall not instruct on any degree as to which there is no evidence.
A sister court has similarly construed the former rule. In Parker v. State, 330 So.2d 148 (Fla. 2d DCA 1976) the court held:
The language of this rule has been construed to require the trial judge to instruct on all lesser degrees of the crime charged, regardless of whether they are sufficiently charged by the information or supported by the proof at trial. Killen v. State, Fla.1957, 92 So.2d 825; Brown v. State, Fla.1968, 206 So.2d 377. Under this rule, the responsibility of determining the degree of guilt “rests peculiarly within the bosom of the trial jury.” Brown v. State, Fla.1960, 124 So.2d 481. Instructions are mandated on all degrees simply because the rule “clearly requires it,”1 and authorizes “jury pardons” of the higher degree. Bailey v. State, Fla.1969, 224 So.2d 296.
(footnote omitted).
Such a result is also mandated by Brown v. State, supra, relied on by appellants. Again, in Gilford v. State, 313 So.2d 729 (Fla.1975) the supreme court made it clear that instructions on degrees of a crime are treated differently than instructions on lesser included offenses. The court stated:
In the Latin jargon we have always said, the probata must conform to the allegata. The one exception to this is the one which Brown recognizes, namely, Fla.Stat. § 919.14 (now CrPR 3.490) which has been fixed as the requirement in those instances where the offense is divided into degrees, without specifying the degrees, and in that instance the trial judge is mandated to instruct on such lesser degrees of a single offense. The distinction must be made between the one statutory instance of degrees without regard to proof and the basic proposition that there must be proof in all other instances in order to justify the “lesser included offense” charge being given. Any indications to the contrary in earlier decisions are hereby expressly overruled.
The precedential value of these cases in proceedings commenced after amendment of the rule has obviously been undermined but here, since the rule had not been amended at the time of trial, they apply with undiminished vigor.
For the foregoing reasons, the Petition for Rehearing is denied.
REHEARING DENIED.
HURLEY, J., concurs.
DOWNEY, J., dissents with opinion.