DANIEL S. PEARSON, Judge.
In Verreautt v. State, 411 So.2d 234 (Fla. 3d DCA 1982), we held that a defendant who was entitled to ten peremptory challenges by virtue of being charged with a life felony, but who did not timely object when the trial court mistakenly limited him to six challenges, failed to preserve this error for appeal. We distinguished Verreautt’s inaction from (a) the action of the defendant in Newsome v. State, 355 So.2d 483 (Fla. 2d DCA 1978), whose attempt to exercise a seventh challenge was held to have adequately preserved for appeal the same error, and (b) the inaction of the defendant in Bell v. State, 338 So.2d 1328 (Fla. 2d DCA 1976), whose failure to attempt to exercise a seventh peremptory challenge was excused because attributable to the trial court’s definitive ruling that six was the legal limit, thus rendering futile any further effort to obtain additional challenges. In the present case we are faced with Maio’s contention that his action/inaction after having exercised only six of a possible ten peremptory challenges should be considered more like that of Newsome and Bell than that of Verreautt and that, therefore, he should be awarded a new trial. We reject his contention and affirm.
As the jury selection process was drawing to a close, defense counsel peremptorily challenged a Ms. Barnett. The following colloquy transpired:
“THE COURT: You are out of challenges.
“[PROSECUTOR]: It is first degree and it is my understanding it is six challenges.
“THE COURT: First degree punishable by life.
“[PROSECUTOR]: It is not—
“THE COURT: The answer is six, if you all agree?
“[DEFENSE COUNSEL]: Where are we?
“THE COURT: Your [sic] are out. Ms. Barnett is in.”
(emphasis supplied).
The prosecutor then accepted the next juror, which completed the selection of the six-person panel:
“THE COURT: We have a panel consisting of Ms. Herleny, Mr. Long, Mr. Sheets, Ms. O’Connor, Ms. Barnett. Ms. Stump. Any challenges to that panel as constituted?
“[PROSECUTOR]: State has none. “[DEFENSE COUNSEL]: None.” (emphasis supplied).
We think a fair reading of the colloquy is that defense counsel’s effort to peremptorily challenge Ms. Barnett plainly was not an affirmative assertion that the defendant was entitled to more than six challenges. Surely, had it been so, defense counsel would have accepted the trial court’s twice-expressed invitation to disagree with the proposed six-challenge limitation. Instead, defense counsel remained silent, not because it would have been futile to do others wise, but because he mistakenly believed *1057 that six peremptory challenges were the limit and that he had already reached his limit. Thus, under the circumstances of this case, neither Newsome nor Bell apply, and as in Verreautt, the defendant’s failure to object is fatal to his claim that he was deprived of the ten peremptory challenges to which he was concededly entitled.
AFFIRMED.