903 So.2d 293 (2005)
William A. DANTE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-3239.
District Court of Appeal of Florida, Third District.
June 8, 2005.
*294 Bennett H. Brummer, Public Defender, and Robert Godfrey, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Richard L. Polin, Assistant Attorney General, for appellee.
Before COPE, CORTIÑAS, and ROTHENBERG, JJ.

ON MOTION FOR REHEARING
ROTHENBERG, Judge.
Upon consideration of the state's motion for rehearing, we withdraw our previously issued opinion dated March 23, 2005, and substitute the following.
The defendant, William A. Dante, appeals from a final judgment of conviction and sentence. We affirm.
The defendant was charged with one count of escape, a second degree felony; one count of battery on a law enforcement officer, a third degree felony; and one count of resisting an officer without violence, a first degree misdemeanor. During jury selection, when the prosecutor exercised his third peremptory strike, he stated that the "State would exercise its third and final peremptory on Mr. [Steiger]." Shortly thereafter, when defense counsel sought to exercise his fourth peremptory challenge on prospective juror Aarestrup, the trial court stated, "Okay, you had your three." Defense counsel responded, "Then there is nothing to argue about I am sorry." Both sides announced that they accepted the jury and the jury was sworn with Aarestrup sitting on the jury.
The jury found the defendant guilty of escape and resisting an officer without violence and not guilty of battery on a law enforcement officer.
The defendant seeks a new trial arguing that, pursuant to Florida Rule of Criminal Procedure 3.350(a)(2), he was entitled to six, not three, peremptory challenges. In response, the state concedes that the defendant was entitled to six peremptory challenges, but asserts that this issue was not adequately preserved for appellate review, and therefore, this court must affirm.
Pursuant to Florida Rule of Criminal Procedure 3.350(a)(2), a defendant is entitled to six peremptory challenges if he is charged with a felony not punishable by death or imprisonment for life. Here, the defendant was charged with escape, a second degree felony, and battery on a law enforcement officer, a third degree felony. As these felonies are not punishable by death or life in prison, the defendant was clearly entitled to six peremptory challenges.
It is well-settled law that, "`[a] trial judge has no authority to infringe upon a party's right to challenge any juror, either peremptorily or for cause, prior to the time the jury is sworn.' The denial of this right is per se reversible error." Gilliam v. State, 514 So.2d 1098, 1099 (Fla.1987) (citation omitted) (quoting Jackson v. State, 464 So.2d 1181 (Fla.1985)). When a *295 trial court improperly denies a defendant's request for a peremptory challenge and the issue is properly preserved for appellate review, reversal is therefore required. See Green v. State, 673 So.2d 937 (Fla. 1st DCA 1996); Smith v. State, 662 So.2d 1336 (Fla. 2d DCA 1995); Telemaque v. State, 591 So.2d 675 (Fla. 3d DCA 1991).
This court has long held that a timely objection is required to preserve the issue for appeal, as it affords the trial judge with the opportunity to immediately correct the error. We affirmed the defendant's conviction for armed robbery in Verreautt v. State, 411 So.2d 234 (Fla. 3d DCA), review denied, 418 So.2d 1281 (Fla.1982), where the trial judge mistakenly limited Verreautt to six peremptory challenges, when he was entitled to ten.[1] We concluded that
while the trial court mistakenly limited Verreautt to six peremptory challenges, Verreautt made no assertion that he was entitled to more until well after the verdict was returned and judgment pronounced. The error was such that had it been timely called to the attention of the trial court, it could have been immediately corrected. Verreautt's failure to timely object to the limitation imposed precludes him from relief on appeal.
Verreautt, 411 So.2d at 234-35 (footnotes and citations omitted).
In Verreautt, we distinguished the trial court's mistaken belief that Verreautt was entitled to six peremptory challenges and Verreautt's failure to assert that he was entitled to more, from those situations in which the trial court rules that a defendant is only entitled to six peremptory challenges and despite defendant's assertions that he is entitled to more, refuses to excuse the challenged juror. See Bell v. State, 338 So.2d 1328 (Fla. 2d DCA 1976) (where trial court ruled prior to trial that each side was entitled to only six peremptory challenges when the defendant was charged with a first degree felony punishable by life and the defendant reiterated during voir dire his assertion that he was entitled to ten peremptory challenges, he was not required to seek a seventh peremptory to preserve the issue for appellate review), cert. denied, 346 So.2d 1250 (Fla.1977); Newsome v. State, 355 So.2d 483 (Fla. 2d DCA 1978) (reversed and remanded when the trial judge refused to excuse the challenged juror after ruling that the defendant was only entitled to six peremptory challenges). "In the words of our Supreme Court, the appellants' attorneys were `not required to pursue a completely useless course when the judge had announced in advance that it would be fruitless.'" Bell, 338 So.2d at 1329 (quoting Bailey v. State, 224 So.2d 296 (Fla.1969)). Accord Birge v. State, 92 So.2d 819 (Fla.1957).
In Maio v. State, 531 So.2d 1055 (Fla. 3d DCA 1988), we affirmed the defendant's conviction for a life felony. A review of the record revealed that "defense counsel remained silent, not because it would have been futile to do otherwise, but because he mistakenly believed that six peremptory challenges were the limit and that he had already reached his limit." We concluded, therefore, that "the defendant's failure to object [was] fatal to his claim that he was deprived of the ten peremptory challenges to which he was concededly entitled." Maio, 531 So.2d at 1056-57.
A review of the record before us reflects a situation akin to that in Verreautt and Maio. While defense counsel did attempt to use a fourth peremptory challenge to strike juror Aarestrup, he withdrew his request because he mistakenly believed *296 that the defendant was entitled to only three peremptory challenges. As defense counsel withdrew his peremptory challenge and accepted the jury without objection, we agree with the state and conclude that this issue was not preserved for appellate review. See Joiner v. State, 618 So.2d 174, 176 (Fla.1993) (finding that a defendant had waived any objection to peremptory strikes by affirmatively accepting the jury immediately before it was sworn); Enamorado v. State, 733 So.2d 1164, 1164 (Fla. 3d DCA 1999) ("Appellant's claim that he was entitled to more peremptory challenges as a matter of right was not presented to the trial court, and is thus not properly preserved for appellate review.") (citing Maio and Verreautt). We conclude, as did the Florida Supreme Court in Trotter v. State, 576 So.2d 691, 693 (Fla.1991), that "[t]he defendant cannot stand by silently while an objectionable juror is seated and then, if the verdict is adverse, obtain a new trial."
While the defendant in this appeal did not preserve this issue for appellate review, he argues that this court should reverse and grant a new trial on the basis of ineffective assistance of counsel.
The defendant acknowledges that ineffective assistance of counsel claims are not usually reviewable on direct appeal, but asserts that when a claim of ineffective assistance of trial counsel is apparent on the face of the record, this issue may be reached on direct appeal. In Mizell v. State, 716 So.2d 829 (Fla. 3d DCA 1998), the state conceded that the trial court committed a sentencing error but argued that the issue was not preserved for appellate review. Rather than affirming the sentence and then requiring the defendant to file an ineffective assistance of counsel claim, this court remanded for entry of an amended sentence. In doing so, this court noted that it was applying the "exception to the rule that ineffectiveness claims may not be reached on direct appeal which applies when, as here, `the facts giving rise to such a claim are apparent on the face of the record.'" Mizell, 716 So.2d at 830 (quoting Gordon v. State, 469 So.2d 795, 796 (Fla. 4th DCA), review denied, 480 So.2d 1296 (Fla.1985)).
While the "facts giving rise to [the defendant's] claim are apparent on the face of the record," Mizell, 716 So.2d at 830, as defense counsel clearly was under the mistaken belief, as was the seasoned prosecutor and the trial judge, that he was only entitled to three peremptory challenges when in fact he was entitled to six, whether the defendant is entitled to relief on the basis of ineffective assistance of counsel is not so clear.
In order to establish a claim for ineffective assistance of counsel, the defendant must establish that: "(1) defense counsel's representation was deficient in that it fell below an objective standard of reasonableness and (2) there was prejudice in that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different." State v. Bodden, 756 So.2d 1111, 1113 (Fla. 3d DCA 2000) (citing Strickland v. Washington, 466 U.S. 668, 695, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). As to the "prejudice" prong, the defendant must demonstrate "`that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable.'" Valle v. State, 778 So.2d 960, 965 (Fla.2001) (quoting Strickland, 466 U.S. at 687, 104 S.Ct. 2052). For a defendant to establish prejudice, he must demonstrate that, but for counsel's errors, there is a reasonable probability that the *297 outcome of his trial would have been different. Valle, 778 So.2d at 965-66. "[Since peremptory challenges] are a means to achieve the end of an impartial jury," Ross v. Oklahoma, 487 U.S. 81, 88, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988), the defendant must establish that his counsel's failure to strike juror Aarestrup denied him of his right to a fair trial by an impartial jury.
We therefore decline, as our court declined when presented with this issue in Enamorado, to entertain on direct appeal the defendant's alternative claim that trial counsel was ineffective for failing to recognize that the defendant was entitled to six peremptory challenges, rather than three. This ruling is without prejudice to pursue a motion for post conviction relief with the trial court. We express no opinion on the merits of any such motion.
Affirmed.
NOTES
[1] Verreautt was charged with armed robbery which is a first degree felony punishable by life. He was therefore entitled to ten peremptory challenges.