PER CURIAM.
This is an appeal from a summary denial of defendant’s motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. We affirm.
The defendant, Jacinto Reyes, was convicted of robbery with a deadly weapon, kidnapping, and burglary with an assault, all stemming from a hold-up of an insurance agency. In his motion for post-conviction relief, he claimed that his trial counsel was ineffective for failing to call him to testify at his suppression hearing; and failing to investigate his claim that he was beaten by the arresting police officers two weeks before he gave a confession.[1] The trial court denied the motion.
To establish a claim for ineffective assistance of counsel, a defendant must establish that: “(1) defense counsel’s representation was deficient in that it fell below an objective standard of reasonableness and (2) there was prejudice in that there is a reasonable probability that, but for counsel’s unprofessional errors, the results of the proceedings would have been different.” Dante v. State, 903 So.2d 293, 296 (Fla. 3d DCA 2005)(quoting State v. Bodden, 756 So.2d 1111, 1113 (Fla. 3d DCA 2000)). See also Strickland v. Washington, 466 U.S. 668, 695, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Unless a defendant makes both showings, a conviction will not be overturned as unreliable. See Strick *1173 land, 466 U.S. at 687, 104 S.Ct. 2052. See also Rutherford v. State, 727 So.2d 216, 219-20 (Fla.1998).
Moreover, “to establish prejudice a defendant must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Valle v. State, 778 So.2d 960, 965-66 (Fla.2001)(quoting Williams v. Taylor, 529 U.S. 362, 391, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)).
In this case, even if the defendant’s confession had been suppressed, there was more than ample evidence for a jury to return a guilty verdict in this case. Not only did the co-defendant’s taped statement implicate the defendant in the robbery, but the two victims testified as to the specifics of the crime and both identified the defendant, in open court, as the perpetrator. This evidence was clearly sufficient to support the outcome of the trial, and thus we find that the defendant failed to meet the requisite standard to prove ineffective assistance of counsel.
Accordingly, we affirm.

. Three other grounds were raised in the post-conviction motion. The defendant does not raise on appeal the denial of the motion on these grounds.