NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

KENNETH WAYNE STODDARD,      )
                              )
        Appellant,            )
                              )
v.                            )          Case No. 2D14-5316
                              )
STATE OF FLORIDA,             )
                              )
        Appellee.             )
_____)

Opinion filed April 20, 2016.

Appeal from the Circuit Court for Sarasota
County; Frederick P. Mercurio, Judge.

Patrick Michael Megaro, Jaime T. Halscott,
and Salvatore Digiacomo of Appeals Law
Group, Orlando, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Marilyn Muir Beccue,
Assistant Attorney General, Tampa, for
Appellee.


PER CURIAM.

Kenneth Wayne Stoddard appeals his judgments and sentences for

aggravated manslaughter of a child under eighteen by culpable negligence, aggravated

child abuse, and tampering with evidence.  We affirm on all issues.  However, we do so

without prejudice to Mr. Stoddard's filing of a motion for postconviction relief pursuant to

Florida Rule of Criminal Procedure 3.850. See Dante v. State, 903 So. 2d 293, 297 (Fla. 3d DCA 2005) (rejecting claim of ineffective assistance of counsel on the face of the record for erroneously withdrawing challenge to juror but affirming without prejudice to appellant's filing of a postconviction motion); Jenkins v. State, 824 So. 2d 977, 983 n.1 (Fla. 4th DCA 2002) ("In a situation where the record demonstrates that an ostensibly biased juror served on a jury, without objection, then a hearing is appropriate to see if the defense attorney had a tactical reason for not challenging the juror for cause.").

Affirmed.


LaROSE, KHOUZAM, and MORRIS, JJ., Concur.