364 So.2d 771 (1978)
Linda Ruth HITE, a/k/a Lynn, a/k/a Luanna McBrady, Appellant,
v.
STATE of Florida, Appellee.
No. 77-2130.
District Court of Appeal of Florida, Second District.
October 18, 1978.
Rehearing Denied November 27, 1978.
Robert E. Jagger, Public Defender, Dane E. DiSano, Asst. Public Defender, Carolyn Fields, Deborah Morgan and Vivla Ray Punto, Legal Interns, Clearwater, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Acting Chief Judge.
Appellant Linda Hite was found guilty by a jury of robbery, conspiracy to commit robbery, and felony-murder in the first degree. The trial court sentenced her to life imprisonment for murder; five years for robbery, to run consecutively to the murder sentence; and five years for conspiracy, to run concurrently with the robbery sentence.
Appellant Hite, Clay Ennis, and Gregory Hunter were charged by indictment with conspiring to rob the Friendly Naybor Food Market, robbing it, and murdering the owner of the market in the process. The trial *772 court ordered appellant's trial severed from that of her two codefendants.
At appellant's trial the state's chief witness was her codefendant Ennis. He testified that in the early evening of May 14, 1977, he, Gregory Hunter, and appellant had formulated a plan to rob the market. He said that around eleven o'clock that evening Hunter and appellant had dropped him off near the market. According to the prearranged plan he was to rob the market and then rendezvous with Hunter and appellant at a tavern a half mile away. Ennis admitted that he entered the market with a gun and demanded money from the clerk. Just as he did so Thomas Coleman, the owner of the market and the father of the clerk, pulled into the parking lot. Ennis ordered the clerk into the bathroom. Then, as Coleman came through the door Ennis confronted him. In the ensuing scuffle Coleman was shot and killed. Soon thereafter the clerk freed himself from the bathroom and wrestled the gun away from Ennis. Needless to say, Ennis did not make his appointed rendezvous with Hunter and appellant. Other state's witnesses corroborated various aspects of Ennis' testimony.
Appellant testified in her own behalf and denied participation in the conspiracy and the robbery. Though the testimony of appellant and Ennis conflicted in many respects, the jury apparently chose to believe Ennis. Since there was sufficient evidence to sustain the jury's finding that appellant was guilty of robbery and conspiracy to commit robbery, we affirm those convictions.
More troublesome is appellant's contention that she could not have been convicted of felony-murder in either the first or second degree on basis of the evidence presented at her trial.
Felony-murder in the first degree is defined in § 782.04(1)(a), Fla. Stat. (1975), as:
The unlawful killing of a human being, when perpetrated from a premeditated design to effect the death of the person killed or any human being, or when committed by a person engaged in the perpetration of, or in the attempt to perpetrate, any arson, involuntary sexual battery, robbery, burglary, kidnapping, aircraft piracy, or unlawful throwing, placing or discharging of a destructive device or bomb, or which resulted from the unlawful distribution of heroin by a person 18 years of age or older when such drug is proven to be the proximate cause of the death of the user, shall be murder in the first degree and shall constitute a capital felony, punishable as provided in s. 775.082. (Emphasis supplied.)
The supreme court has interpreted the emphasized portion of the statute to require that a defendant must personally commit the killing, or at least be personally present aiding and abetting the commission of the underlying felony when the killing occurs, in order to be guilty of felony-murder in the first degree. Adams v. State, 341 So.2d 765, 768 (Fla. 1977); see also State v. Dixon, 283 So.2d 1, 11 (Fla. 1973). Here the evidence was undisputed that appellant was not personally present at the market when Ennis killed Coleman. Rather, she was waiting at the tavern a half mile away. Although appellant's criminal liability for the robbery was the same as that of Ennis,[1] appellant does not come within the definition of "one engaged in the perpetration of" the robbery as announced in Dixon and Adams; therefore, she could not have been found guilty of felony-murder in the first degree.
In Dixon and Adams the supreme court had before it the 1972 version of the felony-murder statute, which defined felony-murder in the first degree essentially the same as the present statute. However, at that *773 time felony-murder in the second degree was defined in § 782.04(2) as:
[An unlawful killing] committed in the perpetration of, or in the attempt to perpetrate, any arson, rape, robbery, burglary, kidnapping, aircraft piracy, or the unlawful throwing, placing, or discharge of a destructive device or bomb, except as provided in subsection (1) [which defines felony-murder in the first degree], . . shall be murder in the second degree and shall constitute a felony of the first degree, punishable by imprisonment in the state prison for life or for such term of years as may be determined by the court. (Emphasis supplied.)
The emphasized language in the 1972 statute made felony-murder in the second degree essentially a catch-all designed to encompass all felony-murders that did not fall within the definition of felony-murder in the first degree. So, under that statute a person who was an accessory before the fact but was not personally present at the commission of the felony (such as appellant here) could have been guilty of felony-murder in the second degree. Adams v. State, supra, at 769; see also State v. Dixon, supra at 11.
In 1974 the legislature enacted Ch. 74-383, § 14, Laws of Florida (effective July 1, 1975), which deleted the felony-murder language from § 782.04(2) and redefined felony-murder in the second degree in § 782.04(3). This new definition of felony-murder, which is still in effect, reads:
When a person is killed in the perpetration of, or in the attempt to perpetrate, any arson, [sexual battery], robbery, burglary, kidnapping, aircraft piracy, or unlawful throwing, placing, or discharging of a destructive device or bomb by a person other than the person engaged in the perpetration of or in the attempt to perpetrate such felony, the person perpetrating or attempting to perpetrate such felony shall be guilty of murder in the second degree, which constitutes a felony of the first degree, punishable by imprisonment for a term of years not exceeding life or as provided in s. 775.082, s. 775.083, or s. 775.084. (Emphasis supplied.)
We think that this 1974 enactment made two significant changes in the scope of second degree felony-murder. First, the language "by a person other than the person engaged in the perpetration of or in the attempt to perpetrate" obviously limited the operation of the section to those situations where the person who actually kills the innocent victim is not one of the principals in the commission of the felony but rather someone else such as a bystander or law enforcement officer.
Second, the clause "the person perpetrating or attempting to perpetrate such felony shall be guilty of murder in the second degree" restricted liability for second degree felony-murder to those principals, aiders or abetters who are personally present at the commission of the felony. When the legislature wrote this clause it was no doubt aware of the State v. Dixon decision of the previous year in which the supreme court had, as we have noted above, so interpreted similar language in the first degree felony-murder statute.
In summary then, we hold that for a person to be guilty of second degree felony-murder, he must have been personally present at the commission of one of the enumerated violent felonies and the killing must have been committed by someone other than him or one of his cofelons. Thus appellant was also not guilty of second degree felony-murder because a cofelon shot the victim and because appellant was not personally present at the robbery.
Accordingly, we affirm appellant's convictions and sentences for conspiracy and robbery, but we reverse her conviction for felony-murder.
OTT and DANAHY, JJ., concur.
NOTES
[1] § 777.011, Fla. Stat. (1975), provides:

Whoever commits any criminal offense against the state, whether felony or misdemeanor, or aids, abets, counsels, hires, or otherwise procures such offense to be committed, and such offense is committed or is attempted to be committed, is a principal in the first degree and may be charged, convicted, and punished as such, whether he is or is not actually or constructively present at the commission of such offense.