ON PETITION FOR REHEARING
DOWNEY, Chief Judge.
An indictment was filed against appellant stating that he “did unlawfully; from a premeditated design to effect the death of a human being, kill and murder Leroy Moss, a human being by shooting the said Leroy Moss in violation of Florida Statute 782.04.” At trial none of the proof against appellant placed him at the scene of the killing. At best it showed appellant and Greg Sizemore planned the robbery of Leroy Moss. Size-more carried out the robbery during which Moss was killed. Nevertheless, the jury found appellant guilty of murder in the second degree and the court sentenced appellant to life imprisonment. We are thus confronted with the question of whether under the second degree felony murder statute (§ 782.04(3), Fla.Stat. (1975)), an individual who aids and abets the commission of the underlying felony but who is not present at the murder can be convicted pursuant to said statute.
*1076 On June 13, 1979, this court affirmed the judgment and sentence per curiam without opinion. Within the time provided therefor appellant filed a petition for rehearing in which the court was taken to task for affirming the judgment and sentence without opinion in the face of a decision of the Second District Court of Appeal on very similar facts.[1] We have reconsidered this case in the light of Hite v. State, 364 So.2d 771 (Fla.2d DCA 1978), and agree with appellant that the statutory analysis set forth in Hite is applicable here and should control the decision in this case.
In our original study of this case we concluded the decision to affirm was indicated by Adams v. State, 341 So.2d 765 (Fla.1976). In Adams the Supreme Court held that a defendant must personally commit the killing or at least be personally present aiding and abetting the commission of the underlying felony to be guilty of murder in the first degree under Section 782.04(l)(a), Florida Statutes (1973). A person who commits the killing or is present as an aider and abettor could not be guilty of second degree felony murder under the statute (§ 782.04(2), Fla.Stat. (1973)) as it was then written. Adams, supra. With regard to second degree felony murder, the Adams court pointed to its holding in State v. Dixon, 283 So.2d 1 (Fla.1973), construing Section 782.04(2), Florida Statutes (1973)[2], as follows:
We pointed out in Dixon, supra, that liability for second degree felony murder occurs when the individual perpetrates the underlying felony as an accessory before the fact but does not personally engage in it. This limited scope of the second degree felony murder provision is dictated by the provision, “except as provided in subsection (1),” which refers to Section 782.04(1), Florida Statutes (1975). Supra at 768.
Thus the court held that the second degree felony murder rule applies to one who is an accessory before the fact but is not personally present at the commission of the crime.
In resolving this case and construing the applicable statutory authority, we must be ever mindful of the fact that both Dixon and Adams were construing felony murder statutes, Sections 782.04(l)(a) and (2), Florida Statutes (1978). If the statutory law was the same on December 21, 1976, the date the crime in the case at bar was committed, Adams would control the decision herein and Lowery could be convicted of second degree murder even though he was not present at the scene of the crime. However, the 1974 Legislature enacted Chapter 74r-383, Laws of Florida 1974 (which became effective July 1, 1975), and therein deleted the felony murder language from Section 782.04(2) and redefined felony murder in second degree in Section 782.-04(3). That section provides:
(3) When a person is killed in the perpetration of, or in the attempt to perpetrate, any arson, involuntary sexual battery, robbery, burglary, kidnapping, aircraft piracy, or unlawful throwing, placing, or discharging of a destructive device or bomb by a person other than the person engaged in the perpetration of or in the attempt to perpetrate such felony, the person perpetrating or attempting to perpetrate such felony shall be guilty of murder in the second degree, which constitutes a felony of the first degree, punishable by imprisonment for a term of years not exceeding life or as provided in § 775.082, § 775.083, or § 775.084. Fla. Stat. 782.04(3) (1975).
Chapter 74-383 made two changes in the scope of second degree felony murder. First, the language, “by a person other than the person engaged in the perpetration of or in the attempt to perpetrate” limited the operation of the section to situations where the person who actually kills the victim is not one of the principals in the commission of the felony but rather someone else such as a bystander or law enforcement officer. Second, the clause, “the person perpetrating *1077 or attempting to perpetrate such felony shall be guilty of murder in the second degree,” restricted liability for second degree felony murder to those principals, aiders or abettors who are personally present at the commission of the felony.
On similar facts in Hite v. State, supra, the Second District has arrived at this same conclusion in applying the felony murder provisions of Chapter 782, Florida Statutes.
Appellee contends we should not reach the issue discussed above because it was not properly preserved in the trial court. Appellant’s motions for judgment of acquittal never mentioned this question as a ground of said motions. We would ordinarily agree with the State’s contention were it not for the fact that the error here is one of fundamental proportions. The defendant was charged with premeditated murder and convicted of second degree felony murder and he could not, on this record, be convicted of either. Thus, we are compelled to reach the merits of the question on appeal. De La Cova v. State, 355 So.2d 1227 (Fla.3d DCA 1978), cert, denied 361 So.2d 831 (Fla. 1978).
Accordingly, appellant’s petition for rehearing is granted and the judgment and sentence appealed from are reversed and the cause is remanded to the trial court for further proceedings.
Reversed and remanded.
LETTS, J., concurs.
CROSS, SPENCER C., Associate Judge, dissents without opinion.

. Hite v. State, 364 So.2d 771 (Fla.2d DCA 1978).

. Enacted by Ch. 72-724, Laws of Florida 1972; prior thereto there was no second degree felony murder statute.