419 So.2d 621 (1982)
STATE of Florida, Petitioner,
v.
Edgar Leon LOWERY, Respondent.
No. 58501.
Supreme Court of Florida.
July 29, 1982.
Rehearing Denied October 5, 1982.
*622 Jim Smith, Atty. Gen., and Max Rudmann, Asst. Atty. Gen., West Palm Beach, for petitioner.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for respondent.
ADKINS, Justice.
By petition for review we have before us a decision of the Fourth District Court of Appeal, Lowery v. State, 375 So.2d 1075 (Fla. 4th DCA 1979), which allegedly conflicts with a decision of this Court, State v. Jefferson, 347 So.2d 427 (Fla. 1977). Jurisdiction is pursuant to article V, section 3(b)(3), Florida Constitution.
The question presented is very specific: does the felony-murder statute, section 782.04(3), Florida Statutes (1975), contemplate the prosecution of an individual who aids and abets the commission of an underlying felony, but who is not present during the commission of the felony or murder, and the murder is committed by one engaged in the perpetration of the felony? Section 782.04(3) provides that:
When a person is killed in the perpetration of, or in the attempt to perpetrate, any arson, involuntary sexual battery, robbery, burglary, kidnapping aircraft piracy, or unlawful throwing, placing, or discharging of a destructive device or bomb by a person other than the person engaged in the perpetration of or in the attempt to perpetrate, such felony, the person perpetrating or attempting to perpetrate such felony shall be guilty of murder in the second degree, ...
The facts of this case are straightforward. Lowery and Greg Sizemore planned the robbery of Leroy Moss. Sizemore committed the robbery during which Moss was killed. None of the evidence produced at trial placed Lowery at the scene of the crimes during their commission, however, the jury found him guilty of second-degree murder and the court sentenced him to life imprisonment. The Fourth District Court of Appeal originally affirmed the conviction, but on rehearing reversed itself, adopting the position and analysis of the Second District Court of Appeal in Hite v. State, 364 So.2d 771 (Fla. 2d DCA 1978), cert. denied, 372 So.2d 471 (Fla. 1979).
*623 In Hite, the Second District Court of Appeal held that "for a person to be guilty of second degree felony-murder, he must have been personally present at the commission of one of the enumerated violent felonies and the killing must have been committed by someone other than him or one of his co-felons." 364 So.2d at 773. This is not entirely correct. The court's interpretation of the language "by a person other than the person engaged in the perpetration of or in the attempt to perpetrate, such felony ..." is sound. The plain meaning of the words is evident  that the person who commits the killing cannot be charged as a principal in the commission of the felony, but rather someone else such as the victim, a bystander, a law enforcement officer, or anyone other than the one engaged in the perpetration of the underlying felony.
The court's analysis is incorrect with respect to the clause "the person perpetrating or attempting to perpetrate such felony shall be guilty of murder in the second degree, ..." The court held that this language restricted liability for second-degree murder to those principals, aiders, or abettors who are personally present at the commission of the felony. This is incorrect. In Jefferson v. State we held that "[o]nly an accessory before the fact who was not personally present during the commission of the underlying felony can be found guilty of second-degree murder under the applicable statute." 347 So.2d at 429. (Emphasis added.) We reached the same conclusion in Adams v. State, 341 So.2d 765, 768-769 (Fla. 1976), cert. denied, 434 U.S. 878, 98 S.Ct. 232, 54 L.Ed.2d 158 (1977), when we held that
[U]nder the 1972 homicide statute an individual who personally kills another during the perpetration [of] or attempt to perpetrate one of the enumerated felonies is guilty of first degree murder. In such circumstances, the statutory scheme does not allow for a conviction of second degree murder. Moreover, the felon's liability for first degree murder extends to all of his co-felons who are personally present. As perpetrators of the underlying felony, they are principals in the homicide. In Florida, as in the majority of jurisdictions, the felony murder rule and the law of principals combine to make a felon generally responsible for the lethal acts of his co-felons. Only if the felon is an accessory before the fact and not personally present does liability attach under the second degree murder provision of the applicable statute in the instant case.

(Emphasis added, footnote omitted.) See also n. 8, id.
We have most recently dealt with this matter in the case of Enmund v. State, 399 So.2d 1362 (Fla. 1981), rev'd on other grounds, ___ U.S. ___, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982).
We conclude, therefore, that if the appellant's conduct that the jury could have found from the evidence made him an accessory before the fact to the underlying felony of robbery, then his contention that the highest offense for which he may be convicted is second-degree murder must be accepted. If, on the other hand, the jury could have concluded from the evidence that the appellant was a principal of the first or second degree in the crime of robbery, then his contention is without merit and we must hold that the evidence was sufficient for a verdict of guilty of murder in the first degree.
399 So.2d at 1369. All persons participating in a crime are principals of the first or second degree. The actual perpetrator is a principal of the first degree. A person who does not commit the crime with his own hands but is present, aiding and abetting the actual perpetrator, is a principal of the second degree. Lake v. State, 100 Fla. 373, 129 So. 827 (1930). From this it is evident that the presence of a defendant at the scene of a crime is required for a verdict of guilty of first-degree murder under the felony-murder statute. It is also evident that a verdict of guilty for second-degree felony-murder does not require the defendant's presence.
*624 The evidence presented at trial does not show that respondent was at the scene of the crime, so he could not be guilty of first-degree murder under section 782.04(1). The evidence did show that Greg Sizemore committed the robbery and murder. Lowery was an accessory before the fact.
Although Lowery was not personally present during the commission of the robbery, he was an accessory before the fact. Section 776.011, Florida Statutes (1971), makes an accessory before the fact to the robbery (Lowery) a principal in the first degree or a perpetrator of the robbery. During the perpetration of the robbery, Moss was killed by a person other than Lowery (the person engaged in the perpetration or attempting to perpetrate the robbery). Under the statute, he may be found guilty of murder in the second degree.
We overrule Hite v. State, to the extent that it requires presence at the scene of a crime for a person to be guilty of second-degree felony-murder.
A careful review of the record discloses no reversible error in the admission into evidence by the trial judge of respondent's confession. Respondent was offered immunity for his testimony in the murder trial of Greg Seymour if he would be completely truthful. He was told that if he lied as to any matter, he could still be prosecuted and the statement could be used against him. Respondent then made a statement. Subsequently it was learned that respondent had lied. He was then notified that he was no longer immunized from prosecution. Respondent was advised of his rights and he waived them. He then confessed his role in the crime. Respondent testified in a proffer and before the jury that he gave the later statements (the confession) hoping the grand jury would be more lenient. He also said he gave the statements to help a friend. Respondent never claimed that the immunity he forfeited had anything to do with the subsequent statements.
We have held that only actual coercion or promises still in effect render statements inadmissible. State v. Outten, 206 So.2d 392, 396 (Fla. 1968). It is clear that the prior promise of immunity was no longer in effect. Furthermore, the record in the case sub judice simply does not show promises of lenience amounting to coercion as were present in Fillinger v. State, 349 So.2d 714 (Fla. 2d DCA 1977), cert. denied, 374 So.2d 101 (Fla. 1979), and Jarriel v. State, 317 So.2d 141 (Fla. 4th DCA 1975), cert. denied, 328 So.2d 845 (Fla. 1976).
Petitioner's final claim that the trial judge erred by not making a specific finding of voluntariness prior to admitting the confessions into evidence lacks merit. See Peterson v. State, 382 So.2d 701 (Fla. 1980).
The holding of the district court is quashed and the cause is remanded with instruction to affirm the judgment and sentence of the trial court.
ALDERMAN, C.J., and BOYD, OVERTON, SUNDBERG and McDONALD, JJ., concur.