ADKINS, Justice.
We have for review a decision of the District Court of Appeal, Third District, (State v. Luis Aguiar, 392 So.2d 944 (Fla.3d DCA 1980)), where the court held that a defendant not present at the scene of the burglary or robbery, which results in the killing of a human being, could not be charged with first-degree felony murder *246 even though he may have participated in the plan for the commission of the underlying felonies.
In a prosecution for murder in the first degree, if the accused was present, aiding and abetting the commission or attempt of one of the violent felonies listed in the first-degree murder statute, he is equally guilty, with the actual perpetrator of the underlying felony, of first-degree murder. Enmund v. State, 399 So.2d 1362 (Fla.1981), rev’d on other grounds, - U.S. -, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (U.S. 1982). Constructive presence at the time of the homicide will support a conviction of first-degree murder. Enmund v. State; Jackson v. State, 403 So.2d 1063 (Fla. 4th DCA 1981).
A defendant who aids and abets the commission of the underlying felony, but who is not present at the murder, can be convicted under the second-degree felony murder statute. State v. Lowery, 419 So.2d 621 (Fla.1982).
A defendant who was not present during the commission of the murder may be convicted of murder in the first-degree if premeditation is shown. See e.g. Antone v. State, 382 So.2d 1205 (Fla.1980); Barfield v. State, 402 So.2d 377 (Fla.1981).
The decision of the district court of appeal affirming the order of the trial court dismissing the prosecution is approved.
ALDERMAN, C. J., and BOYD, OVER-TON, SUNDBERG and McDONALD, JJ., concur.