PER CURIAM.
The judgment of conviction for second-degree murder is affirmed. Compare State v. Bryan, 287 So.2d 73 (Fla.1973), cert. denied, 417 U.S. 912, 94 S.Ct. 2611, 41 L.Ed.2d 216 (1974), and Hines v. State, 227 So.2d 334 (Fla. 1st DCA 1969), with Marasa v. State, 394 So.2d 544 (Fla. 5th DCA), rev. denied, 402 So.2d 613 (Fla.1981). However, the sentence above that recommended by the sentencing guidelines must be reversed and the cause remanded for *483 resentencing. As the State candidly admits, of the nine reasons given by the trial court to justify the departure, eight are invalid. The only valid reason given by the trial court is that the defendant created “a risk of harm to other people by shooting a firearm in an occupied business establishment.” Since the State has not been able “to show beyond a reasonable doubt that the absence of the invalid reasons would not have affected the departure sentence,” we reverse and remand for resentencing. Albritton v. State, 476 So.2d 158, 160 (Fla.1985). See Flemmings v. State, 476 So.2d 292 (Fla. 3d DCA 1985); Wiggins v. State, 476 So.2d 257 (Fla. 4th DCA 1985); Baker v. State, 466 So.2d 1144 (Fla. 3d DCA 1985).
Reversed and remanded.