490 So.2d 1372 (1986)
STATE of Florida, Appellant,
v.
Tyrone OLIVER, Appellee.
No. 85-2718.
District Court of Appeal of Florida, Second District.
July 11, 1986.
Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Asst. Atty. Gen., Tampa, for appellant.
Michael L. Jones and Charleen Ramus, Tampa, for appellee.
HALL, Judge.
The State appeals the trial court's order arresting appellee's judgment following his conviction by a jury for second-degree felony murder.
Appellee was indicted by a grand jury along with three other defendants for first-degree murder. The evidence presented at trial indicated that appellee, Darrell Shorter, Reginald Cochran, Willie Long, and Charlie Smith met at a Burger King early on the day in question. A discussion ensued in the presence of appellee in which it was decided to rob someone. After leaving the Burger King, Cochran, Long, Smith, and appellee congregated at the Labor Temple. Long and Cochran then left appellee and Smith and proceeded to a nearby location where they attempted to rob one Orlando Arbelaez of cash and cocaine. Cochran shot and killed Arbelaez during the robbery.
At the close of the state's case, the trial court granted appellee's motion for judgment of acquittal on the indictment for first-degree murder and discharged appellee. The state, however, persuaded the trial court to allow the case to go to the jury on the charge of second-degree felony murder in spite of the judgment of acquittal of first-degree murder as charged in the indictment. The jury found appellee guilty of second-degree felony-murder under section 782.04, Florida Statutes (1985). Appellee then filed a motion in arrest of judgment on the ground that he was convicted of an offense for which he could not be convicted under the facts of the case. The trial court granted the motion and discharged appellee.
The state raises two points on appeal. First, it argues that the trial court lacked jurisdiction to entertain a motion in arrest of judgment. We find no merit in this assertion. Second, the state seems to contend that appellee's conviction for second-degree felony murder was proper despite the fact that appellee was not present at the scene of the crime. State v. Lowery, 419 So.2d 621 (Fla. 1982).
Appellee responds by contending that a conviction for second-degree felony murder requires that the killing be committed by someone other than a principal in the underlying felony. Lowery. Appellee argues that since he and his cofelons were charged as principals in the indictment, he could not be found guilty of second-degree felony murder under the charging indictment.
*1373 In Lowery the supreme court addressed this court's interpretation of section 782.04(3) in Hite v. State, 364 So.2d 771 (Fla. 2d DCA 1978). Although it overruled that portion of Hite which held that in order to be convicted of second-degree felony murder a defendant must have been present at the scene of the crime, the supreme court affirmed that portion of Hite which held that the killing must have been committed by someone other than the defendant or one of his cofelons.
Application to the instant case of the language of section 782.04(3)[1] and that portion of Hite affirmed by the supreme court in Lowery, leads us to the conclusion that the trial court properly entered the order in arrest of judgment. Appellee could not be convicted of second-degree felony murder because one of his cofelons committed the murder of Arbelaez, the victim in this case.
Notwithstanding our disposition of this case, we have elected to certify it to the supreme court because in Lowery the defendant's conviction for second-degree felony murder was affirmed despite the fact that the murder was apparently committed by the defendant's cofelon. We certify the following question:
IS A CONVICTION UNDER SECTION 782.04, FLORIDA STATUTES, THE SECOND-DEGREE FELONY MURDER SECTION, LIMITED TO THOSE SITUATIONS WHERE THE PERSON WHO ACTUALLY KILLS THE INNOCENT VICTIM IS NOT ONE OF THE PRINCIPALS IN THE COMMISSION OF THE FELONY, BUT RATHER SOMEONE ELSE, SUCH AS A BYSTANDER OR LAW ENFORCEMENT OFFICER.
Affirmed.
GRIMES, A.C.J., and RYDER, J., concur.
NOTES
[1] Section 782.04(3), Florida Statutes (1985), states in relevant part as follows:

When a person is killed in the perpetration of, or in the attempt to perpetrate, any:
... .
(d) Robbery,
... .
by a person other than the person engaged in the perpetration of or in the attempt to perpetrate such felony, the person perpetrating or attempting to perpetrate such felony is guilty of murder in the second degree... .
(Emphasis added.)