491 So.2d 1228 (1986)
Ronald Eugene TYNER, Appellant,
v.
STATE of Florida, Appellee.
No. 85-948.
District Court of Appeal of Florida, Second District.
July 23, 1986.
*1229 Dennis J. Rehak, Fort Myers, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Gary O. Welch, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
Appellant appeals his conviction for armed burglary which is a felony of the first degree punishable by imprisonment for a term of years not to exceed life.
Appellant conspired to commit the burglary with Michael Hall. He was present when Hall borrowed a gun. Appellant drove Hall to the scene of the burglary and dropped him off. During the course of the burglary, Hall shot and killed two persons. Thereafter, appellant and Hall reunited about a half mile away from the scene and drove away together.
Appellant's several arguments concerning guilt are without merit. His attack on the sentence is another matter. The sentencing guidelines call for a range of seven to nine years. Appellant was sentenced to life in prison. As reasons for departure, the court stated in writing:
Past record indicates that Defendant is a professional criminal who will prey upon society whenever he is at liberty. Additionally as a direct result of the armed burglary two persons were killed.
The court's reference to appellant as a professional criminal was grounded upon appellant's record of past crimes. Since appellant's prior record has already been factored into the guidelines computation, it cannot be used as a reason for departure. Hendrix v. State, 475 So.2d 1218 (Fla. 1985).
We then focus upon the statement that as a direct result of the armed burglary, two persons were killed. Victim injury cannot be scored in the guidelines computation when it is not an element of the offense. Hendry v. State, 460 So.2d 589 (Fla. 2d DCA 1984). However, this court has held that when victim injury is not an element of the crime, it may be used as a reason to depart from the guidelines. Thompson v. State, 483 So.2d 1 (Fla. 2d DCA 1985). Departures have also been upheld where the manner in which the crime was committed endangered the safety of others. Campbell v. State, 486 So.2d 61 (Fla. 4th DCA 1986); Cawthon v. State, 486 So.2d 90 (Fla. 5th DCA 1986).
Notwithstanding, Florida Rule of Criminal Procedure 3.701(d)11 states, "Reasons for deviating from the guidelines shall not include factors relating to the instant offenses for which convictions have not been obtained." In most instances, when victims are injured or bystanders are endangered, crimes have also been technically committed against those victims or bystanders. E.g., Harrington v. State, 455 So.2d 1317 (Fla. 2d DCA 1984) (aggravated assault); Bailey v. State, 485 So.2d 482 (Fla. 3d DCA 1986) (shooting within a private building); Parker v. State, 478 So.2d 823 (Fla. 2d DCA 1985) (battery). Yet, unless a defendant is convicted of those crimes, it would appear that rule 3.701(d)11 precludes any consideration of his conduct with respect to such persons. But see Garcia v. State, 454 So.2d 714 (Fla. 1st DCA 1984). Ironically, this suggests the possibility that the only factors surrounding the commission of a crime which can be considered for departure are those which, in and of themselves, are not serious enough to constitute crimes. The answer *1230 to the dilemma may be that prosecutors will have to seek more convictions where multiple crimes are committed during a single course of conduct.
Appellant was originally indicted for two counts of first-degree felony murder along with armed burglary. The court dismissed the two first-degree murder counts on the authority of Hite v. State, 364 So.2d 771 (Fla. 2d DCA 1978), cert. denied, 372 So.2d 471 (Fla. 1979). There is nothing in the record to indicate that appellant was subsequently prosecuted for second-degree felony murder. See State v. Lowery, 419 So.2d 621 (Fla. 1982). Thus, appellant has not been convicted of the two murders referred to by the court in its reasons for departure, although such murders certainly occurred as a direct result of the crime for which appellant was convicted. Therefore, under rule 3.701(d)11, the two murders could not provide a valid basis for departure from the guidelines. We certify to the supreme court as a question of great public importance, the following:
IS THE COURT PERMITTED TO CONSIDER ANY FACTORS RELATING TO THE INSTANT OFFENSE AS A BASIS FOR DEPARTURE FROM THE GUIDELINES IF SUCH FACTORS WOULD HAVE SUBJECTED THE DEFENDANT TO PROSECUTION FOR A CRIME OF WHICH HE HAS NOT BEEN CONVICTED?
We affirm appellant's conviction but reverse the sentence and remand for resentencing within the applicable range of the guidelines.
DANAHY, C.J., and CAMPBELL, J., concur.