533 So.2d 265 (1988)
STATE of Florida, Petitioner,
v.
Nancy Steele DENE, Respondent.
No. 71232.
Supreme Court of Florida.
September 1, 1988.
Rehearing Denied November 4, 1988.
*266 Robert A. Butterworth, Atty. Gen. and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for petitioner.
James Marion Moorman, Public Defender and Brad Permar, Asst. Public Defender, Clearwater, for respondent.
SHAW, Justice.
We review State v. Dene, 512 So.2d 1156 (Fla. 2d DCA 1987), to answer a certified question of great public importance.[1] We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Respondent Dene was a companion and housekeeper for an elderly, invalid woman. Dene concocted a plan in which her daughter and a cohort would commit a burglary/robbery of the elderly woman. Under this plan, Dene would be present during the crime but, in order to conceal her complicity, the other two robbers would treat her as a victim. Before the crime could be carried out, the elderly woman fired Dene. Nevertheless, the crime went ahead as planned except that Dene was not present because of the firing. In carrying out the burglary/robbery, the elderly woman was strangled and her throat cut, causing her death. Dene was first charged by information with second-degree felony murder and later indicted for first-degree murder, which, the state conceded, superseded the second-degree felony murder charge. The trial judge granted a directed verdict of first-degree felony murder. The jury was instructed on first-degree premeditated murder and, over the objection of Dene, on a lesser included charge of second-degree felony murder. The jury returned a verdict of guilty on the second-degree felony murder. Dene then moved for and was granted an arrest of judgment, arguing that she was not present at the scene of the murder and that the murder was committed by a person engaged in the perpetration of the robbery. On appeal, the district court affirmed on the authority of State v. Oliver, 490 So.2d 1372 (Fla. 2d DCA), cause dismissed, 496 So.2d 143 (Fla. 1986).
This certified question requires that we examine the law of principals and the statutory crimes of first- and second-degree felony murder. We begin with chapter 57-310, Laws of Florida, wherein the legislature abolished all distinctions between principals in the first and second degrees and accessories before the fact and made all principals equally culpable regardless of whether they were actually or constructively present at the commission of the offense.[2] The legislative intent could not have been clearer.

*267 AN ACT relating to and abolishing the distinctions between criminal principals in the first and second degrees and accessories before the fact; providing that whoever commits any criminal offense against the state or aids, abets, counsels, hires or otherwise procures such offense to be committed, is a principal in the first degree to such offense, whether he is or is not actually or constructively present at the commission of the offense; repealing Sections 776.01 and 776.02, Florida Statutes; and prescribing the effective date hereof.
WHEREAS, the legal distinctions between accessory before the fact, principal in the first degree and principal in the second degree serve no useful purpose; and
WHEREAS, these distinctions serve only as technicalities which impede the orderly administration of justice for the benefit of those charged with crimes, and as such should be abolished....
Ch. 57-310, Laws of Fla.
As of 1971, Florida's homicide statute did not include the offense of second-degree felony murder but section 776.011, Florida Statutes (1971) made all principals equally culpable of first-degree felony murder. In 1972, as a result of the Furman[3] decision, the legislature revised section 782.04 and enacted section 921.141, Florida Statutes (1973). Ch. 72-724, §§ 3, 9, Laws of Fla. In revising section 782.04, the legislature established the crime of second-degree felony murder, defining it as a murder "committed in the perpetration of or in the attempt to perpetrate any arson, rape, robbery, burglary, kidnaping, aircraft piracy, or unlawful throwing, placing or discharging of a destructive device or bomb, except as provided in subsection (1)."[4]Id. § 3 (emphasis added). The underlined words, which distinguished first- and second-degree felony murder, were not entirely clear. Consequently, one of the challenges to Florida's death penalty system was that the distinction between first- and second-degree felony murders was illusory and that a grand jury, at its whim, could interchangeably bring back an indictment on one or the other, thus resulting in arbitrary and capricious imposition of the death penalty in violation of Furman. In State v. Dixon, 283 So.2d 1, 11 (Fla. 1973), cert. denied sub nom. Hunter v. Florida, 416 U.S. 943, 94 S.Ct. 1950, 40 L.Ed.2d 295 (1974), we rejected this challenge by holding
that the statute does establish two separate and easily distinguishable degrees of crime, depending upon the presence of the defendant as a principal in the first or second degree.

(Emphasis added). In doing so, we recognized that we were resurrecting an extinct distinction that the legislature had abolished.
Under the prior Fla. Stat. § 782.04, F.S.A. (amended effective December 8, 1972), the distinction was not present, and Fla. Stat. § 776.011, F.S.A., provides,
"Whoever commits any criminal offense against the state, whether felony or misdemeanor, or aids, abets, counsels, hires, or otherwise procures such offense to be committed, is a principal in the first degree and may be charged, convicted and punished as such, whether he is or is not actually or constructively present at the commission of such offense."
The effect of this law was that the traditional definitions of principal in the first degree, principal in the second degree, and accessory before the fact were all combined within the statutory definition of principal in the first degree in Fla. Stat. § 776.011, F.S.A., and in the repealed Fla. Stat. § 782.04, F.S.A.
Id. We then concluded:
The obvious intention of the Legislature in making this change [to section 782.04] is to resurrect the distinction between principals in the first or second degree on the one hand and accessories before the fact on the other, in determining *268 whether a party to a violent felony resulting in murder is chargeable with murder in the first degree or murder in the second degree. As to the distinction in any particular case, we need but refer to the rich heritage of case law on the distinctions between principals in the first or second degree and accessories before the fact.
Id.
We revisited section 782.04, Florida Statutes (1973), and reaffirmed our Dixon analysis in Adams v. State, 341 So.2d 765 (Fla. 1976), cert. denied, 434 U.S. 878, 98 S.Ct. 232, 54 L.Ed.2d 158 (1977); State v. Jefferson, 347 So.2d 427 (Fla. 1977); and Enmund v. State, 399 So.2d 1362 (Fla. 1981), rev'd on other grounds, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed. 1140 (1982). In Adams, the issue was whether it was reversible error to fail to instruct on second-degree felony murder as a lesser included offense of first-degree felony murder. We held that it was not necessary to so instruct, relying on the distinction we had drawn in Dixon between the two offenses and the statutory words "except as provided in subsection (1)" in the 1973 statute, because "the statutory scheme does not allow for a conviction of second degree murder" when the accused is a principal present at the scene. Adams, 341 So.2d at 768. In footnote 8 at 768, we recognized that the statute had been amended to define second-degree felony murder as "a killing not committed by the felon or one of his co-felons" and gave as an example the victim of the felony killing an innocent bystander while resisting the felony. In Jefferson, we again held that second-degree felony murder, as it was defined in the 1973 statute as interpreted by Dixon and Adams, was not a lesser included offense of first-degree felony murder because it was contingent on the accused not being present at the scene, i.e., being only an accessory before the fact.
In Enmund, we again addressed the Dixon distinction between first- and second-degree felony murder. Enmund claimed that he was not present at the crime scene and, under Dixon, could only be convicted of second-degree felony murder. We rejected this claim on the facts but, significantly, we recognized again that except for Dixon,
[t]he distinction [between principals and accessories before the fact] had previously been laid to rest for all purposes by chapter 57-310, Laws of Florida. See § 776.011, Fla. Stat. (1973).
Enmund, 399 So.2d at 1369.
Our Dixon, Adams, Jefferson, and Enmund interpretation of the 1973 statute defining second-degree felony murder was nullified by a complete redefinition of the offense in chapter 74-383, section 14, Laws of Florida. Obviously rejecting our interpretation of the words "except as provided in subsection (1)" and the offense which we had created, the legislature deleted the definition in subsection (2), and redefined the offense in a new subsection (3) as follows:
(3) When a person is killed in the perpetration of or in the attempt to perpetrate any arson, rape, sodomy, robbery, burglary, kidnapping, aircraft piracy or unlawful throwing, placing, or discharging of a destructive device or bomb by a person other than the person engaged in the perpetration of or in the attempt to perpetrate such felony, the person perpetrating or attempting to perpetrate such felony shall be guilty of murder in the second degree which constitutes a felony of the first degree, punishable by imprisonment for a term of years not exceeding life or as provided in chapter 775.
Ch. 74-383, § 14, Laws of Fla. (codified at § 782.04(3), Fla. Stat. (1975)). The effect of this legislative amendment was threefold. First, by overriding the Dixon distinction between first- and second-degree felony murder which had resurrected the extinct distinctions between principals of the first degree, principals of the second degree, and accessories before the fact, it restored section 777.011, Florida Statutes (1975 and thereafter) as controlling law on charging and convicting principals. Second, it eliminated the offense of second-degree felony murder established by Dixon based on the absence of the accused from the murder scene. Third, it established an entirely *269 new offense which had not theretofore existed in Florida under which all principals, as defined in section 777.011, whether present or absent, are culpable for any killings which are committed during the felony by innocent bystanders, police officers, victims, or other persons not committing the felony. The practical effect of this was to make the distinction between first- and second-degree felony murder even more pronounced than it had been under Dixon.
Subsequent case law interpreting the post 1973 first- and second-degree felony murder statutes fails to recognize that Dixon, Adams, Jefferson, and Enmund all address a second-degree felony murder offense which no longer exists. Consequently, the case law is badly confused. Three cases illustrate the problem. In Hite v. State, 364 So.2d 771 (Fla. 2d DCA 1978), cert. denied, 372 So.2d 471 (Fla. 1979), overruled in part, State v. Lowery, 419 So.2d 621 (Fla. 1982), the accused was charged and convicted of first-degree felony murder under section 782.04 (Fla. 1975). The evidence at trial showed that she was a principal of the first degree under section 777.011 although not present at the crime scene. The evidence also showed that the murder was committed by a fellow principal. Under these facts, the conviction for first-degree felony murder was clearly correct. On appeal, however, the district court relied on our decisions in Dixon and Adams, which had interpreted the dissimilar predecessor statute, and held that Hite could not be convicted of first-degree felony murder because she had not been present at the crime scene. This was error because Hite was a principal under section 777.011. Having erroneously determined that Hite could not be convicted of first-degree felony murder, the court correctly determined that Hite could not be convicted of second-degree felony murder. Two reasons were given for this conclusion, one correct and one incorrect. The correct reason was that the murder was committed by another principal, not by an innocent person; the incorrect reason was that Hite was not present at the scene.[5]
In Lowery v. State, 375 So.2d 1075 (Fla. 4th DCA 1979), quashed, 419 So.2d 621 (Fla. 1982), the court relied on Hite and made a similar error. Lowery planned to rob an acquaintance. To conceal his participation in the robbery, Lowery enlisted a cofelon to carry out the actual robbery. Lowery provided the cofelon with a gun and stage-managed the crime. During the robbery, the cofelon murdered the victim with the gun. At trial the jury was instructed on second-degree felony murder as a lesser included offense of first-degree felony murder. This was error because Lowery as a cofelon was a principal under section 777.011 and equally as culpable as his cofelon who actually did the killing. Apparently, however, no objection was made to the lesser included instruction and the jury convicted Lowery of second-degree felony murder. The district court relied on Hite and reversed the conviction. On appeal, this Court correctly held that Lowery did not have to be present at the crime scene. Lowery v. State, 419 So.2d 621 (Fla. 1982). However, in our analysis we failed to note that the 1975 statute was entirely different from the 1973 statute we had analyzed in Dixon and its progeny. Consequently, we quoted extensively from these cases and perpetuated the now incorrect rule that an accused must be present when a first-degree felony murder occurs. This was error which contributed to and continued the confusion surrounding these crimes. Nevertheless, we reached the correct result. The conviction for second-degree felony murder was valid as a jury pardon because there had been no objection to the lesser included instruction at trial.
With the above analysis in mind, we can now answer the certified question and dispose of the case at hand. On the facts, Dene was correctly charged with first-degree murder and it was error to *270 direct a verdict on that charge. The parties do not tell us, and the record does not show, the basis for this ruling, but it was almost certainly on the authority of the numerous cases discussed above which uniformly, but incorrectly under current law, hold that an accused must be present at the scene in order to be convicted of first-degree felony murder. Concerning the certified question, it is apparent from a plain reading of the statute, as amended, that the offense defined in section 782.04(3), Florida Statutes (1975 and thereafter) requires that the killing be performed by a nonprincipal. It is clear from the facts that the murder here was committed by one or both of respondent's two cofelons. Consequently, having objected to the lesser included instruction, respondent may not be convicted of second-degree felony murder.
We summarize our holdings as follows. First, section 777.011 is controlling and a principal does not have to be at the scene of the crime. Second, second-degree felony murder as defined in section 782.04(3) requires that the killing be done by a nonprincipal. We answer the certified question in the affirmative and approve the result below.
It is so ordered.
EHRLICH, C.J., and OVERTON, BARKETT, GRIMES and KOGAN, JJ., concur.
McDONALD, J., dissents.
NOTES
[1] The lower court certified the following question:

IS A CONVICTION UNDER SECTION 782.04(3), FLORIDA STATUTES, THE SECOND-DEGREE FELONY MURDER SECTION, LIMITED TO ONLY THOSE SITUATIONS WHERE THE PERSON WHO ACTUALLY KILLS THE INNOCENT VICTIM IS NOT ONE OF THE PRINCIPALS IN THE COMMISSION OF THE FELONY, SUCH AS A BYSTANDER OR LAW ENFORCEMENT OFFICER, BUT RATHER SOMEONE ELSE?
Dene, 512 So.2d at 1156.
[2] Codified as § 776.011, Fla. Stat. (1971), and subsequently renumbered as § 777.011, Fla. Stat. (1975 and thereafter). Ch. 74-383, § 11, Laws of Fla.
[3] Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972).
[4] Subsection 1 defined first-degree felony murder as a murder committed, or attempted, during any of the enumerated felonies.
[5] In its analysis, the court noted that chapter 77-383, § 14 had redefined the offense analyzed on Dixon and Adams. Logically, this should have alerted the court to reexamine the holdings in Dixon and Adams on which the court relied in holding that Hite could not be convicted of first-degree felony murder.