540 So.2d 124 (1989)
Frederick Earl WEBSTER, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-2029.
District Court of Appeal of Florida, Fourth District.
February 15, 1989.
Rehearing and Rehearing Denied March 29, 1989.
*125 Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Alfonso M. Saldana, Asst. Atty. Gen., West Palm Beach, for appellee.
Rehearing and Rehearing En Banc Denied March 29, 1989.
WALDEN, Judge.
There was a burglary. The three perpetrators, including appellant, Frederick Earl Webster, fled the scene in a vehicle driven by co-perpetrator Lawrence Hargrett. The vehicle was noticed by a police vehicle and a high speed chase ensued. During the course of the chase the getaway car collided at an intersection with a third vehicle. Two people were killed as a result, the innocent driver of the third vehicle, Marilyn Diersing, and the driver of the getaway vehicle.
Webster was charged, tried, and convicted of one count of second-degree felony murder on account of the death of the driver of the getaway car, Lawrence Hargrett. Webster appealed this conviction of second-degree felony murder, as well as other matters. Having assessed the record and appellate treatment we affirm as to all points on appeal except as to the count of second-degree felony murder, which count, conviction and resulting sentence we reverse.
In order for this conviction to stand it would have to meet the terms and definitions of the second-degree felony murder statute, section 782.04(3), Florida Statutes (1985). This section provides, in pertinent part, that "When a person is killed in the perpetration of or in the attempt to perpetrate any ... burglary ... by a person other than the person engaged in the perpetration of or in the attempt to perpetrate such felony, the person ... is guilty of murder in the second degree" (underlining supplied).
Thus, under the facts and circumstances of this case, it would be necessary to prove that the driver of the third vehicle, Marilyn Diersing, killed the driver of the getaway car, Lawrence Hargrett. There are no such proofs. There is no evidence  none  showing that Ms. Diersing was under the influence of either drugs or alcohol. The record is devoid of any evidence or inference that Ms. Diersing was guilty of any traffic infraction or of any negligence that caused or contributed to cause the death of Lawrence Hargrett. Thus, there is no basis in fact or law to convict Webster of second-degree felony murder. In other words, the State did not meet its burden under the statute of proving that Ms. Diersing killed Mr. Hargrett.
What would be a hypothetical application of this particular statute? The simplest one that comes to mind is where several individuals are in the course of committing a robbery and as a police officer comes upon the scene, there is a shoot-out and the officer kills one of the robbers. The remaining robbers could be properly charged under this statute.
Case law of this state sheds further light on the construction and application of the second-degree felony murder statute.
In Hite v. State, 364 So.2d 771 (Fla.2d DCA 1978), cert. denied, 372 So.2d 471 (Fla. 1979) the defendant was found guilty of robbery and felony murder in the first degree and she appealed. The evidence showed that Hite (the appellant), and her co-perpetrators planned to rob a store. They planned that Hite would drop off one of the co-felons and after the robbery he would rendezvous with her to escape. While the co-felon was robbing the store the owner came in and in the ensuing scuffle *126 was shot and killed. Hite was charged with first and second-degree felony murder. She argued on appeal that she could not have been convicted of felony murder in either the first or second degree on the basis of the evidence. The appellate court agreed and reversed her conviction for felony murder. The court reasoned that felony murder in the first degree requires that the defendant must personally commit the killing, or at least be personally present aiding and abetting the commission of the underlying felony when the killing occurs, and because Hite was not present or aiding she could not be held guilty of first-degree felony murder.
As to second-degree felony murder the court determined that the defendant must have been personally present at the commission of one of the felonies and the killing must have been committed by someone other than her or one of her co-felons. Thus the court reasoned that Hite could not be guilty of second-degree felony murder because the killing was not by someone other than a co-felon. The language in the second-degree statute limited the operation of the section to those situations where the person who actually kills the innocent victim is not one of the principals in the commission of the felony but rather someone else such as a bystander or law enforcement officer.[1]
In State v. Lowery, 419 So.2d 621 (Fla. 1982) the defendant was convicted of second-degree felony murder and he appealed. The Fourth District reversed on authority of Hite. The question on appeal to the supreme court was whether the felony murder statute contemplates the prosecution of an individual who aids and abets the commission of an underlying felony but who is not present during the commission of the felony or murder and the murder is committed by one of the co-perpetrators of the felony. The supreme court reviewed the Hite language of the Second District where that court had determined that "for a person to be guilty of second-degree felony murder, he must have been personally present at the commission of one of the enumerated violent felonies and the killing must have been committed by someone other than him or one of his co-felons." The supreme court approved of part of this language and disapproved of part of it. Specifically the court found that the interpretation of the language "by a person other than the person engaged in the perpetration of or in the attempt to perpetrate, such felony ..." is sound.[2] The supreme court determined that,
[T]he plain meaning of those words is evident  that the person who commits the killing cannot be charged as a principal in the commission of the felony, but rather someone else such as a victim, a bystander, a law enforcement officer, or anyone other than the one engaged in the perpetration of the underlying felony. [emphasis added]
419 So.2d at 623.
After applying the rulings of both Hite and Lowery to the case at bar, it is apparent that Webster could not be found guilty of second-degree felony murder for the death of Hargrett because it was not proven that Hargrett was killed by someone other than a perpetrator. As earlier stated, there was no evidence that Ms. Diersing the innocent driver of the second car was the cause of Hargrett's death.
*127 The Second District has also determined that a defendant can not be convicted under the second-degree felony murder statute based upon a murder committed by a co-felon. In State v. Oliver, 490 So.2d 1372 (Fla.2d DCA 1986) the evidence showed that Oliver, the appellee, conspired with Shorter, Cochran, Long and Smith to commit a robbery. Long and Cochran left the appellee (Oliver) and proceeded to a nearby location where they attempted to rob a man. During the robbery Cochran shot and killed the man. Oliver was indicted for second-degree felony murder and convicted; however, the trial court arrested judgment on the ground that Oliver was convicted of an offense for which he could not be convicted under the facts of the case. The state appealed. The Second District determined that based upon Lowery and Hite Oliver could not be convicted for second-degree felony murder because that requires that the killing be committed by someone other than a principal in the underlying felony and one of the co-felons had committed the murder of the victim in that case. Notwithstanding this disposition the court elected to certify the question to the supreme court. The cause was dismissed from the supreme court in State v. Oliver, 496 So.2d 143 (Fla. 1986), and the certified question was not answered.
A recent supreme court case, however, resolves the question raised in Oliver and the very issue which is currently before this court. The supreme court considered a question certified by the Second District in State v. Dene, 533 So.2d 265 (Fla. 1988). The defendant, Nancy Dene, was a housekeeper for an invalid elderly woman. She concocted a plan with her daughter and a cohort to rob the woman. Dene was going to be present during the crime but would conceal her participation. Before the robbery could take place the woman fired Dene. Nevertheless the crime went ahead as planned except that Dene was not present. The elderly woman was killed during the robbery and Dene was charged with first-degree murder. The trial court, however, granted a directed verdict on first-degree felony murder but instructed the jury on first-degree premeditated murder and on lesser included charge of second-degree felony murder. The jury convicted Dene of second-degree felony murder even though Dene had been a principal in the commission of the crime. Dene moved for an arrest of judgment on the basis that she was not present at the scene of the murder and that the murder was committed by a person engaged in the perpetration of the robbery. The trial court granted the motion and arrested judgment. On appeal the Second District affirmed the arrest of judgment on authority of State v. Oliver, 490 So.2d 1372 (Fla.2d DCA), cause dismissed, 496 So.2d 143 (Fla. 1986), but certified the same question which it had previously certified in Oliver and the same question with which this court is presently concerned. The Second District again questioned whether a conviction under section 782.04(3), Florida Statutes, the second-degree felony murder section, is limited to only those situations where the person who actually kills the innocent victim is not one of the principals in the commission of the felony, such as a bystander or law enforcement officer, but rather someone else. The supreme court answered the certified question in the affirmative after an in-depth examination of the caselaw and the confusion which has surrounded this topic. The supreme court concluded,
[I]t is apparent from a plain reading of the statute, as amended, that the offense defined in section 782.04(3), Florida Statutes (1975 and thereafter) requires that the killing be performed by a nonprincipal. It is clear from the facts that the murder here was committed by one or both of respondent's two cofelons. Consequently, having objected to the lesser included instruction, respondent may not be convicted of second-degree felony murder.
We summarize our holdings as follows. First, section 777.011 is controlling and a principal does not have to be at the scene of the crime. Second, second-degree felony murder as defined in section 782.04(3) requires that the killing be done by a nonprincipal. We answer the certified *128 question in the affirmative and approve the result below. [emphasis added]
533 So.2d at 270.
It seems clear, based on Dene and the other cases discussed above, that in the case at bar Webster could only be convicted of second-degree felony murder if the state showed that Hargrett, the driver of the getaway car, was killed by someone other than one of the co-felons. Since the evidence did not show that Diersing, the innocent driver of the third vehicle, caused Hargrett's death, then Webster could not be convicted of second-degree felony murder.
The dissent states that, "The purpose of the amendment made to the felony murder statute by chapter 74-383, section 14, Laws of Florida (effective July 1, 1975), was to reshape the former catchall provision to eliminate the requirement that only someone present during the commission of the felony could be convicted of second degree felony murder." The dissent goes on to state that the majority is using the amended statute for a purpose for which it was never intended. We believe that the supreme court's opinion in Dene refutes this statement and shows that the majority's interpretation of what the amendments were intended to achieve is correct. The supreme court discusses the effect of the amendments to the felony murder statute in chapter 74-383 in Dene as follows:
The effect of this legislative amendment was threefold. First, by overriding the [State v.] Dixon [283 So.2d 1 (Fla. 1973)] distinction between first and second-degree felony murder which had resurrected the extinct distinctions between principals of the first degree, principals of the second degree, and accessories before the fact, it restored section 777.011, Florida Statutes (1975 and thereafter) as controlling law on charging and convicting principals. Second, it eliminated the offense of second-degree felony murder established by Dixon based on the absence of the accused from the murder scene. Third, it established an entirely new offense which had not theretofore existed in Florida under which all principals, as defined in section 777.011, whether present or absent, are culpable for any killings which are committed during the felony by innocent bystanders, police officers, victims, or other persons not committing the felony.
533 So.2d at 268.
The dissent in the instant case is correct when it states that the purpose of the amendments to the felony murder statute (which were made by chapter 74-383) was to reshape the former statute which had previously made it necessary that a defendant be present at the commission of a felony to be convicted of second-degree felony murder.[3]However, the dissent ignores the fact that the amendments to the felony murder statute were intended to achieve the third result which the supreme court explained above, i.e., to establish an entirely new offense which had not theretofore existed in Florida under which all principals are culpable for any killings which are committed during the felony by innocent bystanders.
Other case law also supports this conclusion. In State v. Wright, 379 So.2d 96 (Fla. 1979) the defendant, Wright, was involved in the robbery of a store along with McRae and Robertson. When they attempted to leave after the robbery the police intercepted them and there was a gun battle. Wright and Robertson were apprehended but Robertson was fatally wounded by a bullet from one of the policemen. Wright was convicted of second-degree felony murder. The supreme court determined that Wright, the surviving co-perpetrator, could be found guilty of second-degree felony murder. After applying this to the case at bar Webster could be found guilty of second-degree felony murder of Hargrett if it could be shown that Hargrett was killed by someone other than a person engaged in the felony, i.e. by Ms. *129 Diersing. However the record does not establish who caused the collision, thus Webster cannot be found guilty of second-degree felony murder for Hargrett's death.
In Mikenas v. State, 367 So.2d 606 (Fla. 1978) the defendant Mark Mikenas and two others (Rinaldi and Vito Mikenas) robbed a store. Mark Mikenas fired at the deputy sheriff. Vito Mikenas was shot by the sheriff during the robbery. Mark Mikenas killed another police officer. The indictment charged Mark Mikenas with first-degree murder of the police officer and second-degree felony murder of Vito. Mikenas appealed the conviction for second-degree felony murder and argued that the second-degree felony murder statute was inapplicable because Vito was a co-perpetrator. The supreme court affirmed the conviction for second-degree felony murder. In the case at bar it is clear that Webster could not be found guilty of second-degree felony murder if Hargrett caused the death because there was no killing by a person other than the person engaged in the burglary. If it had been shown that Hargrett was killed by Ms. Diersing, the innocent driver of the second car, then Webster could have been convicted of second-degree felony murder, but there was nothing to show that she was the cause of the collision.
And in Amlotte v. State, 435 So.2d 249 (Fla.5th DCA 1983) the appellate court also explained that felony murder is "the killing of a human being while the killer is engaged in the commission, or the attempt to commit certain listed felonies." The court further explained that "if there is an unlawful killing during the commission of a felony listed in the first degree murder statute but the felony perpetrator is not the killer then second degree murder statute may apply." 435 So.2d at 250. In the case at bar, it is clear that Webster could not be convicted of second-degree felony murder for the death of Hargrett because there was no evidence that someone other than a felon caused the death.
And in Marcum v. State, 379 So.2d 974 (Fla.5th DCA 1979), cert. denied, 389 So.2d 1112 (Fla. 1980) the Fifth District held that defendant could be convicted of second-degree murder where a co-felon was killed by the robbery victim and where they were at the scene of the crime. This also shows that the second-degree statute applies where the killing is caused by someone who is not a co-felon.
Thus, we reverse Webster's conviction of second-degree felony murder and we affirm in all other respects.
Affirmed in part; reversed in part and remanded.
DOWNEY, J., concurs.
HERSEY, C.J., dissents with opinion.
HERSEY, Chief Judge, dissenting.
The purpose of the amendment made to the felony murder statute by chapter 74-383, section 14, Laws of Florida (effective July 1, 1975), was to reshape the former catchall provision to eliminate the requirement that only someone present during the commission of the felony could be convicted of second-degree felony murder. Thus, second-degree and first-degree felony murder provisions were harmonized. I doubt, and therefore respectfully dissent from an implied premise of the majority opinion, that the amended statute was intended to be construed and applied as here. That is, where an unlawful death occurs in proximity to an enumerated felony but the proof is insufficient to show beyond a reasonable doubt that the death was caused by a specific third party, there may not be a second-degree felony murder conviction. Nor do I interpret any of the precedents as so holding. The language "by a person other than the person engaged in" committing the felony distinguishes second degree from first degree only and is not intended as insulation from a felony murder conviction simply because the precise cause of death cannot be objectively determined.
Hargrett was killed during the course of a felony. Appellant, Webster, was a co-felon. There is no suggestion that Hargrett committed suicide or that he was killed by co-felon Webster. Thus the possibilities are that Hargrett's death was "caused" by non-felon, Diersing, driver of the other vehicle *130 or was "caused" by the police who were pursuing Hargrett in a "high speed chase." Certainly if the officers had opened fire on the fleeing felons and Hargrett had been killed by a bullet, there would be no question but that Webster could be convicted of second-degree felony murder. Should it make a difference that the fatal instrument was another vehicle (a piece of steel) rather than a bullet (a piece of lead)? I think not, and would therefore affirm.
NOTES
[1] We note that the holding of Hite has been overruled in part by the supreme court in State v. Lowery, 419 So.2d 621 (Fla. 1982) but that overruling does not concern that part of the judgment with which we are dealing.
[2] Initially we were concerned by an inconsistency in the supreme court's Lowery opinion: Although the Court approved of the portion of the holding of Hite which requires that a killing be by someone other than a perpetrator in order to support a conviction for second degree felony murder; nevertheless, the Court reinstated Lowery's conviction for second degree felony murder after apparently determining that Lowery was a perpetrator. However in State v. Dene, 533 So.2d 265 (Fla. 1988) the supreme court discussed the confusion surrounding its Lowery opinion and explained that the result which they reached in that case was correct insofar as "[t]he conviction for second-degree felony murder was valid as a jury pardon because there had been no objection to the lesser included instruction at trial." 533 So.2d at 269. Thus, although we were initially confused by Lowery, it is now clear that it supports the conclusion which we have reached.
[3] That is what the supreme court refers to in the second point quoted above when it states that the amendments "eliminated the offense of second-degree felony murder established by Dixon based on the absence of the accused from the murder scene."