PER CURIAM.
The State charged Appellant, Orinthid Jabbar Hayes, with home invasion robbery with a deadly weapon. A jury found him guilty of home invasion robbery without a weapon, and the trial court sentenced him to thirty years’ incarceration. Appellant claims three errors require reversal of his conviction: (1) The trial court failed to modify the standard jury instruction on principals; (2) The trial court overruled an objection to a witness’ statement indicating Appellant previously had been in prison; and (3) Fundamental error resulted from statements made in closing argument effectively shifting the burden of proof to the defense. Finding no error occurred, we affirm the conviction and sentence, and write only to briefly address Appellant’s novel challenge to the jury instruction on principals.
The standard instruction reads:
If the defendant helped another person or persons [commit] [attempt to commit] a crime, the defendant is a principal and must be treated as if [he][she] had done all the things the other person or persons did if:
1. the defendant had a conscious intent that the criminal act be done and
2. the defendant did some act or said some word which was intended to and which did incite, cause, encourage, assist or advise the other person or persons to actually [commit] [attempt to commit] the crime.
To be a principal, the defendant does not have to be present when the crime is [committed] [or] [attempted]. See State v. Dene, 533 So.2d 265 (Fla.1988).
Fla. Std. Jury Instr. (Crim) 3.5(a) (emphasis added). The instruction implements section 777.011, Florida Statutes, which provides:
Principal in first degree. — Whoever commits any criminal offense against the state, whether felony or misdemeanor, or aids, abets, counsels, hires, or otherwise procures such offense to be committed, and such offense is committed or is attempted to be committed, is a principal in the first degree and may be charged, convicted, and punished as such, whether he or she is or is not actually or constructively present at the commission of such offense.
§ 777.011, Fla. Stat. (2010) (emphasis added).
Appellant argues the instruction incorrectly states the law because it says a defendant “must” be treated as a principal if the evidence establishes the requisite criteria, while the statute uses the permissive “may.” On the contrary, under section 777.011, a person who “commits any criminal offense ... or aids, abets, counsels, hires, or otherwise procures such offense to be committed ... is a principal in the first degree” (emphasis added). The statute, thus, defines “principal.” The standard jury instruction, in setting forth *1010 the circumstances under which a defendant “must be treated” as a principal, comports with, and elaborates on, the statute’s definition of “principal.” The statutory-phrase “may be charged, convicted, and punished as such” does not create “a permissive [evidentiary] inference of principal,” as Appellant asserts. Rather, the phrase explains the criminal consequences a defendant faces if he or she is found to be a principal in the first degree, as fined in the statute.
AFFIRMED.
PADOVANO, MARSTILLER, and MAKAR, JJ., concur.